## Sadler vs. Rose.

The Probate Judge is invested with a sound legal discretion in the appointment of guardians, and his judgment should not be overruled except in cases of manifest error or abuse of such discretion.

The 3d section, *ch.* 80 *Dig.*, providing for the removal of a guardian *for good cause shown*, does not apply to a case where the appointment of the guardian is revoked at the term when it is made, whilst the orders of the Probate Judge are under his control, and before the guardian has entered upon the discharge of his duties.

*Appeal from the Circuit Court of Johnson county.*

The Hon. Felix J. Batson, Circuit Judge.

Jordan for the appellant.

Cummins & Garland for the appellee.

Mr. Chief Justice English delivered the opinion of the Court.

From the record before us in this case, the following facts appear:

On the 22d of October, 1855, a term of the Probate Court of Johnson county was commenced. On the 25th October, at the same term, Moreau Rose filed a petition in said Probate Court, stating as follows, etc.:

"That Lucien O. Sadler departed this life on or about the 11th day of December, 1853, in the county of Johnson, etc., seized and possessed of about $8,000 worth of property, real and personal. That the real estate has been sold by the administrator under order of Court. That the administrator informs petitioner that there are more than sufficient debts due said estate, to pay off all liabilities. That there are four negro slaves

belonging to said estate, which will be ready to be turned over to the guardian of the minor heirs, *to wit:* Lewis O. Sadler, aged about four and a half years, and Lucien O. Sadler, aged about two years. That they are the heirs of Lucien O. Sadler, deceased. That the negroes, to wit: Jake, Ben, Sam and Sophia will be delivered on the 1st of January next by the said administrator. That there is a negro, *Ben*, about forty-five years of age, in dispute, and as soon as the controversy is decided, some disposition will be made by the administrator—so he informs petitioner—and if he is adjudged to be the property of said estate, will be delivered to your petitioner. That one Rufus C. Sadler has been at this term appointed guardian of said minors contrary to the wish of the administrator and the *mother of said minors.* Your petitioner prays your honor to revoke the guardianship of said Rufus C. Sadler, and appoint your petitioner guardian of said minors," etc.

It appears that the petition was taken up by the Court for disposal, on the same day it was filed, and that Rufus C. Sadler appeared and opposed the granting of the prayer of the petitioner: but the Probate Judge made an order revoking the appointment of said Rufus C. Sadler, as guardian of said minors, and appointed the petitioner their guardian: who, thereupon, entered into bond, and qualified as such, etc.

Rufus C. Sadler took a bill of exceptions to the decision of the Court, stating that the Court removed him, and appointed Rose guardian, as aforesaid, " upon the facts and reasons set set forth in said petition, and no other evidence was given to the Court." He appealed from the order of the Probate Judge to the Circuit Court of Johnson county, where the judgment of the Probate Court was affirmed: and he appealed to this Court.

By the Constitution, *art.* 6, *sec.* 10, the Probate Court has such jurisdiction in matters relative to the estates of deceased persons, executors, administrators and *guardians*, as may be prescribed by law, etc.

" The Probate Court shall have jurisdiction in the following cases: first, of all cases relative to the probate of last wills and

testaments, the granting of letters testamentary and of administration, and repealing the same. Second, the *appointment* and *displacing* of *guardians* of orphans, minors, and persons of unsound minds," etc. *Dig. ch.* 48, *sec.* 5.

A minor of the age of fourteen years and upwards, may choose a guardian; and the Court, if there be no just cause to the contrary, shall appoint the person chosen. *Dig. ch.* 80, *sec.* 6.

When a minor is under the age of fourteen years, etc., the court may, *according to its discretion, appoint a guardian. Ib. sec.* 7.

Such Court shall have power to remove guardians for good cause shown. *Ib. sec.* 3.

It is manifest, from the above provisions of law, that the Probate Judge is invested with a sound legal discretion in the appointment of guardians, and that his judgment is not to be overruled by the supervising tribunals, except in cases of manifest error or abuse of such discretion.

In this case, Sadler, at whose instance does not appear, was appointed guardian of minors under the age of fourteen. Whether he entered into bond and qualified as such, does not clearly appear from the record before us. At the same term, and for aught that appears to us, on the same day, and at most, within two or three days thereafter, the Probate Judge revoked his appointment, and appointed Rose, and permitted him to enter into bond, and qualify as such. The whole matter occurred at the same term of the Court, and while the orders of the Court were under its control. It was the province of the Probate Judge to passs upon and determine the sufficiency of the causes stated in the petition for making the change in the appointment; and we have no such facts before us, as to enable us to decide that he abused the discretion vested in him by law in the matter. If he was satisfied with the truth of the statement, that the mother of the minors disapproved of the appointment of Sadler, this might have been a consideration of some weight in determining him to change the appointment.

If Sadler had entered into bond, qualified as such guardian and entered upon the duties of the office, and the term of the Court at which his appointment was made had expired, and the order thereby become final, the Probate Judge could not have removed him except *for good cause shown.* As to what would constitute such cause of removal, and as to how far the judgment and discretion of the Probate Court could be controlled in the matter by the superior tribunals, it is not necessary for us to decide in this case.

The judgment of the Court below is affirmed.

Absent, Hon. C. C. Scott.