## NELSON & WIFE vs. GREEN.

In the appointment of guardians, the Probate Courts are invested with a sound legal discretion, and their judgments will not be overruled in such cases, without a manifest abuse of such discretion is apparent.

*Appeal from Hempstead Circuit Court.*

Hon. L. B. GREEN, Circuit Judge.

GARLAND & RANDOLPH for the appellants.

The discretion reposed by statute in the Probate Courts in appointments of guardians is a sound legal discretion, not an arbitrary uncontrollable discretion. *Sadler vs. Rose*, 18 *Ark.* 602.

The father, and on his death the mother, is generally entitled to the care of a minor child, and should be preferred, except where the morals, or safety or interest of the minors requires other custody. 2 *Kent's Com.* 205; *Bishop on Mar. & Div. sec.* 643; *Com. vs. Addicks*, 5 *Binney* 520.

GALLAGHER and HEMPSTEAD, for the appellee.

The appointment of a guardian is a matter within the discretion of the Probate Court, and is not the subject of appeal.

Mr. Justice COMPTON delivered the opinion of the Court.

Conflicting applications were made to the Probate Court of Hempstead county, for the guardianship of Luany I. and Joseph E. Green, minors under twenty-one, and not over fourteen years of age.

Henry L. Nelson and Jane D., his wife, their mother and step-father, petitioned that James R. Page should be appointed, and their uncle, William D. Green, petitioned that he should be appointed their guardian. The court rejected the application on behalf of Page, and appointed Green. An appeal was then taken to the Circuit Court, where the judgment was affirmed; and by appeal the matter is now brought before this court.

Pending the trial below, the petitioners in behalf of Page proposed to prove, in substance, that Green was at enmity with the mother and step-father of the minors, especially with the mother, holding no intercourse with them ; that he used violent and abusive language towards their mother, threatening to injure her if she married Nelson ; and that Green was a man of much "sternness of temper"—all which, the Probate Judge declined to hear, and why he did so, we are not informed. It may be, however, that he was of opinion Green ought to be appointed, though the facts proposed to be proven were true.

The language of Green was certainly improper in itself, but in the absence of any information as to the merits of the controversy which occasioned it, or his general conduct towards the mother and step-father, and especially in the absence of evidence touching his general character, we are not prepared to differ with the Probate Judge, and hold that Green was not fit to be the guardian of the minors. We have held that in the appointment of guardians, the Probate Court is invested with a sound legal discretion, and that its judgment will not be overruled by the supervising tribunals, except in cases of manifest abuse of such discretion. *Sadler vs. Rose*, 18 *Ark*. 600; and in this case no such abuse has been made to appear.

Let the judgment be affirmed with costs.