FARMERS UNION MUTUAL INS. CO. *v.* MYERS.

5-2686                                        356 S. W. 2d 423

Opinion delivered April 23, 1962.

*Charles A. Wade,* for appellant.

*Switzer & Switzer,* for appellee.

PAUL WARD, Associate Justice. Appellee, C. I. Myers, sued appellant, Farmers Union Mutual Insurance Company (hereafter referred to as "Company"), to recover (under the provisions of policy No. 48879) the amount of $936.78 for damage to his dwelling and $493.26 for damage to his furniture, both caused by fire. From an adverse verdict and judgment the Company prosecutes this appeal, urging six points for a reversal. These points will be discussed in the order they are presented, after first setting out the material pleadings and facts.

The complaint filed by Myers mentions the policy insuring his dwelling for $4,000 and furniture for $2,000 and further alleges that the policy was in effect when a fire damaged both items to the extent previously noted; that all terms of the policy had been complied with; that demand had been made for $1,430.04, and that all liability had been denied by the Company. The prayer was for the above amount and also for statutory penalty and attorney's fee. The answer, in addition to a general denial, stated that Myers failed to comply with policy provisions providing for written notice and filing of proof of loss. In his reply Myers stated that he did give notice and requested blanks to make written proof of loss; that the Company's agent refused to furnish blanks, and also denied liability.

At the conclusion of appellee's testimony he moved to amend his complaint to ask for only $1,055.54. Over appellant's objections the court allowed the amendment to be made. At that time appellant moved for an instructed verdict which, as will later appear, the court correctly overruled. After the introduction of appellant's testimony the jury (upon instructions not challenged here) returned a verdict for appellee as asked for in the amended complaint. Thereupon the court rendered judgment in accordance with the verdict, and also gave appellee judgment for attorney's fee and the statutory penalty.

■ The first assignment of error is that the court allowed the complaint to be amended. This was a matter

which addressed itself to the sound discretion of the court. *Bridgman* v. *Drilling,* 218 Ark. 772, 238 S. W. 2d 645. Except for the matter discussed below, there is no attempt to show the trial court abused its discretion.

It is, however, earnestly contended by appellant that the court allowed the amendment "for the sole purpose of invoking a penalty statute". It is then further contended that the amendment came too late to invoke that statute. To support this contention appellant cites several cases which announce the general rule that "the insured is not entitled to recover a penalty and attorney's fee when he demanded in his complaint more than he recovered". The cited cases are not applicable here because they deal with situations where the only issue was the amount of recovery. The reason underlying those decisions appears clearly to be that if the assured had demanded the lesser or correct amount the insurer would have the opportunity to pay and avoid the trouble and expense incidental to preparing for and trying a law suit. That was not the situation here, however, where appellant refused to pay any amount and relied on appellee's alleged failure to give proper notice and to file a proof of loss. The jury's verdict, however, resolved those issues against appellant upon evidence and instructions not here challenged. The rule applicable under the facts of this case has been clearly stated and settled by many of our decisions.

In *Progressive Life Insurance Company* v. *Hulbert,* 196 Ark. 352, 118 S. W. 2d 268, appellee (as beneficiary in a life insurance policy on E. D. Hulbert) sued for $400 and appellant defended on the ground Hulbert was not an insurable risk at the time the policy was issued. During the trial appellee was allowed to amend his complaint to ask for $266.67. That amount was allowed by the jury, and the court rendered judgment for attorney's fee and penalty. In affirming the trial court we made this statement:

"But the sum finally sued for was $266.67, and it was within the discretion of the court to permit this

amendment. Had the insurance company offered to confess judgment for this amount when the complaint was amended, it would have been proper to enter a judgment for that amount without penalty or attorney's fee."

It is noted of course that, in the case under consideration here, appellant did not offer to pay the sum of $1,055.54 when the complaint was amended. Also, in conformity with appellant's defense in this case, it would not have paid $1,055.54 had only that amount been demanded in the original complaint.

To the same effect is the case of *Kansas City Fire & Marine Insurance Company* v. *Kellum*, 221 Ark. 487, 254 S. W. 2d 50, where we cited and approved the *Hulbert* decision. There also attorney's fee and penalty were allowed, based on facts set out by the Court as follows:

"The record reflects that at the conclusion of the evidence in the case, appellee was permitted to amend the complaint and reduce the amount for which he sued to $2,096.96. The extent of appellant's liability was $3,000. Appellant refused to accept the correctness of appellee's claim after the reduction and continued to deny all liability. The jury returned a verdict in favor of appellee for the reduced amount of the claim, $2,096.96, upon correct instructions by the court limiting recovery to $2,096.96."

It is our conclusion, therefore, that the trial court was correct in allowing attorney's fee and penalty in this case since appellant did not offer to pay the sum of $1,055.54.

■ It is next contended that the court erred in refusing to direct a verdict in favor of appellant because there is no substantial evidence to support the jury's finding it waived notice and proof of loss. We see no merit in this contention. This was a question of fact presented to the jury on instructions not here questioned, and we find substantial evidence in the record to support the jury's findings. Appellee, in substance, stated

he talked with appellant's representative after the fire and that the representative said appellant was not going to pay the loss. This same representative admitted he had reported the loss. Another representative of appellant indicated that had a proof of loss been submitted he would have denied liability. This was substantial evidence to support a finding by the jury that appellant denied liability for the loss. In *Queen of Arkansas Insurance Company* v. *Forlines,* 94 Ark. 227, 126 S. W. 719, the Court, in this connection, said: ''. . . by the repeated rulings of this court a denial of liability, based upon reasons other than a failure to furnish proof of loss, constitutes a waiver of the provisions of the policy requiring proof of loss to be made.'' Also, in *Yates* v. *Thomason,* 83 Ark. 126, 102 S. W. 1112, the Court said: ''And it has long been settled by many decisions of this court that a denial of liability waives proof of loss.''

■ There is no merit in the contention that there is no substantial evidence to show proof of damages. On this point appellee was the only witness to testify. He gave his estimate of the amount of damages both as to his house and furniture, based, as to the house, on estimates and repairs made. There was no objection to his testimony, and there was no cross-examination on this point.

■ During the trial the court refused to allow appellant to introduce testimony allegedly to show facts surrounding the cause of fire, presumably to show appellee may have originated the fire. This issue was not raised by the pleadings and the court's ruling was correct. Moreover, appellant, in his argument, has not pointed out what testimony was offered.

■ We find no error in the court permitting appellee to testify to certain conversations with appellant's agent relative to cancellation of the policy after the fire. Again appellant, in argument, does not point out the objectionable testimony. It might have been ma-

terial to show the authority of the agent to deny liability.

■ Appellant is wrong in its contention that the insurance law (relative to attorney's fee and penalty) does not apply to mutual aid associations. See Act 159 of 1955 (Ark. Stats. § 66-514) which amended Act 71 of 1939 to include a "farmer's mutual aid association".

**Affirmed.**