Jimmy Lonnie LOVELL *v.* MARIANNA
FEDERAL SAVINGS & LOAN ASSOCIATION et al

72-293                                            589 S.W. 2d 597

Opinion delivered November 19, 1979
(In Banc)

*Ray & Donovan,* for appellant.

*Daggett, Daggett & Van Dover,* for appellees.

JOHN I. PURTLE, Justice. The Lee County Chancery Court awarded appellant the proceeds of three certificates of deposit issued by appellee. However, the decree denied prejudgment interest on the proceeds. Ownership of the funds was not in dispute in this matter. The only argument in this appeal is whether the court erred in rejecting appellant's claim for prejudgment interest. The facts were before us in the prior decision which is reported in *Lovell* v. *Marianna Federal Savings & Loan Association,* 264 Ark. 99, 568 S.W. 2d 38 (1978).

Appellant survived as joint payee of the certificates of deposit in the original amount of $36,000. November 13, 1973, he made demand upon appellee for proceeds of the certificates, which had been purchased by his father. Because of doubt as to ownership, appellee filed a declaratory action and paid the funds into the registry of the court. At the first trial it was decided the widow of decedent was the owner of the disputed funds. We reversed the trial court and returned it for judgment in favor of appellant. The trial court

entered a decree in which appellant was declared to be the owner of the funds but denied interest prior to the decree. Appellee paid the proceeds to appellant without prejudice to his claim for interest pending this appeal. We agree with appellant that prejudgment interest should be allowed under the facts and circumstances of this case.

The case is argued very ably by both parties to this appeal. Several Arkansas cases are correctly cited by the parties in support of their arguments. Likewise, the trial court quoted from our cases in support of the decree. We cannot say either the court or counsel misunderstand or misquote the law or cases. We must admit the error of the cases on this subject. They are simply irreconcilable and we must decide which rule to follow in this case and in the future.

In very early cases, such as *Crow* v. *State,* 23 Ark. 684 (1861); *Kelly* v. *McDonald,* 39 Ark. 387 (1882); and *St. Louis I.M. & S. Ry.* v. *Biggs,* 50 Ark. 169, 6 S.W. 724 (1887), we held to the rule that if the damaged or destroyed property had a market value, or other definite standards of determining the value, at the time of loss, damage or destruction, prejudgment interest was allowable. Thus, if marketable property were damaged or destroyed the measure of damages was its value at the time of the loss plus damages in the nature of interest. It does not appear that recovery of interest prior to judgment is dependent upon whether the claim is liquidated or whether it sounds in tort or contract. The test in prejudgment interest cases is whether there is a method of determination of the value of the property at the time of the injury. If such method exists, prejudgment interest should be allowed. Although such damages were usually referred to as damages in the nature of interest, it does not change the fact that such damages were measured by the legal rate of interest allowed by law at the time. Therefore, it may as well be called interest.

The reason for allowing interest in such cases is to compensate the plaintiff for the loss. The time of the loss is used to determine the value of the property. When there has been a delay in compensating the injured party, he has an

additional loss for the period of time for which he has been deprived of the use of the property. During this period of time between the loss and the recovery, the defendant has had the use of plaintiff's recovery. Therefore, the defendant should pay the plaintiff for such additional loss, and the most logical measurement of the additional loss is the rate of interest which is currently in use by those lending money.

It is equally true that in cases where the damages cannot be ascertained at the time of the loss interest before judgment should not be allowed. Damages for personal injuries are not capable of being determined at the time of the injury. In most personal injury claims the amount of money damages cannot be measured until some future date. Therefore, there is no method of measuring the damages at the time of the loss; neither is there a vested property right such as exists in cases where property is damaged. When recovery is had in personal injury cases it is for all damages which the plaintiff has suffered at the time of the recovery. Frequently, such recovery is for damages to occur in the future. If the damages are not by their nature capable of exact determination, both in time and amount, prejudgment interest is not an item of recovery.

Somewhere along the way a line of cases appeared holding that prejudgment interest was not allowed in tort actions. The first such case brought to our attention is *Southern Farm Bureau Cas. Ins. Co.* v. *Hardin,* 233 Ark. 1011, 351 S.W. 2d 158 (1961). This case was followed as late as *Members Mutual Insurance Co.* v. *Blissett,* 254 Ark. 211, 492 S.W. 2d 429 (1973). However, in *Dickerson Construction Co., Inc.* v. *Dozier,* 266 Ark. 345, 584 S.W. 2d 36 (1979), we returned to the former rule which allowed prejudgment interest, at least when applied to growing crops. This was a tort action as were the *Hardin* and *Blissett* cases. We believe the *Dozier* case follows the most logical rule. This rule was followed in *Kennedy* v. *Clayton,* 216 Ark. 851, 227 S.W. 2d 934 (1950), wherein we quoted with approval from *Richards* v. *Citizens N.G. Co.,* 135 Pa. 37, 18 Ark. 600, as follows:

. . . "Interest cannot be recovered in actions of tort or in actions of any kind where the damages are not in their

nature capable of exact computation, both as to time and amount. In such cases the party chargeable cannot pay or make tender until both the time and the amount have been ascertained, and this default is not therefore of that absolute nature that necessarily involves interest for the delay. But there are cases sounding in tort and cases of unliquidated damages where not only the principle on which the recovery is to be had is compensation, but where also the compensation can be measured by market value or other definite standards. Such are cases of the unintentional conversion or destruction of property, etc. Into these cases the element of time may enter as an important factor and the plaintiff will not be fully compensated unless he receive, not only the value of the property, but receive it, as nearly as may be, as of the date of his loss. Hence it is that the jury may allow additional damages in the nature of interest for the lapse of time. It is never interest as such, nor as a matter of right, but compensation for the delay, of which the rate of interest affords the fair legal measure.''

In the present case the certificates of deposit had an exact value on the date appellee refused to pay them over to appellant. He has been wrongfully deprived of the use of these funds since November 13, 1973. These funds had an exact determinable value, both as to time and amount, when appellant was deprived of the use of them. Therefore, he is entitled to the proceeds of the certificates of deposit together with interest from the date of such loss of use, at the rate of 6% per annum, as required by art. 19 § 13, Const. of Ark., until he receives payment.

This case is therefore reversed and remanded to the trial court with directions to proceed consistent with this opinion.

Reversed and remanded.

HARRIS, C.J., not participating.