616 F.2d 381
 22 Fair Empl.Prac.Cas. 890,
22 Empl. Prac. Dec. P 30,744
Emma J. RICHMOND; Loucile Vaughn; Willie L. Shotwell; Joe M.
McKinney; Marvenia L. Malone; Hattie F. Jones; Doris M.
McKinney; Callie L. Turner; Erma L. Wofford; Reginald F.
Smith; Diann D. Tunstall; Marjorie Johnson; and Hosea D.
Tunstall, Appellants,
v.
James H. CARTER, Superintendent of the Marion School
District; Sy Bond, Jr., President; Jim Featherson;
Adolph Pirant; Bill Lenderman and Harry
East, Appellees.
 No. 79-1421.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 4, 1979.
Decided March 11, 1980.
 
 1
 Prather G. Randle, argued, John W. Walker, James P. Massie and David E. Parker, on brief, Little Rock, Ark., for appellants.
 
 
 2
 G. Ross Smith, Friday, Eldredge & Clark, argued, William R. Wilson, argued and on brief, and G. Ross Smith, on brief, Little Rock, Ark., for appellee.
 
 
 3
 Before LAY, Chief Judge,* McMILLIAN, Circuit Judge, and HARPER, Senior District Judge.**
 
 
 4
 HARPER, Senior District Judge.
 
 
 5
 This is an appeal from the denial of a motion by District Judge Garnett Eisele to set aside a joint stipulation for dismissal entered on January 18, 1979.
 
 
 6
 The plaintiffs were referred to Philip Kaplan by a representative of the NAACP Legal Defense Fund, and at that time they signed retainer agreements naming Kaplan as their attorney. Kaplan filed a complaint alleging that the named plaintiffs, other black teachers and other female teachers had been discriminated against on the basis of race or sex by officials of the Marion School District. The case was set for trial on December 20, 1978.
 
 
 7
 Kaplan sent letters to the thirteen named plaintiffs asking that they attend a meeting at his office on October 28, 1978, to discuss their case and the pending trial. Nine of the plaintiffs, Emma Richmond, Loucile Vaughn, Willie Shotwell, Joe McKinney, Marvenia L. Malone, Hattie F. Jones, Doris B. McKinney, Callie L. Turner and Marjorie Johnson (now Barringer), attended the meeting. Although not a named plaintiff, Joseph Gatlin also attended. Plaintiffs, Reginald F. Smith, Erma L. Wofford, Diann D. Tunstall and Hosea D. Tunstall, did not appear for the meeting. Reginald Smith had previously informed Kaplan that he was living in Pensacola, Florida, and had no further interest in the case.
 
 
 8
 On or about December 15, 1978, the attorney for the defendants, G. Ross Smith, and Kaplan reached a settlement, and the district court was notified of the settlement before the trial date. Included in the settlement were commitments by the defendants to make employment decisions without regard to race or sex, to give preferential consideration to current employees for assignments with increased duties, responsibilities or pay, and to not harass any employee because of participation in the litigation. The settlement also provided for the district court to retain jurisdiction for eighteen months to assure compliance with the settlement. A joint stipulation for dismissal which contained the terms of the settlement was submitted to the court, and the court approved the stipulation on January 16, 1979.
 
 
 9
 Kaplan mailed copies of the stipulation to Malone and Gatlin on January 15, but they did not receive their copies until after the headline of a local newspaper proclaimed, "Board is Vindicated by Suit Settlement." A few days later Malone called Kaplan and demanded that he withdraw the settlement, but was told that it could not at that point be withdrawn.
 
 
 10
 Richmond, Vaughn, Malone and Johnson contacted new counsel and petitioned the district court to set aside the joint stipulation for dismissal. In this motion they claimed to represent not only themselves but the other plaintiffs in the action. The court conducted a thorough three-day hearing on the motion.
 
 
 11
 The main issue at the hearing was whether or not Kaplan had received authority at the October 28th meeting to settle the case. The testimony disclosed that the meeting had two distinct phases. A group meeting was first conducted and it is the group meeting which is the subject of conflicting testimony. It is agreed by all who testified that Kaplan discussed two cases decided subsequent to the filing of their suit in which the Eighth Circuit had held that a three-year statute of limitations was applicable to employment discrimination claims instead of a five-year statute of limitations as he had advocated. Kaplan told the group that the three-year statute of limitations eliminated any money claims of which he was aware.
 
 
 12
 Kaplan testified that he then advised the group that unless they were able to find a viable money claim it would be better to attempt to work out a settlement with the defendants. He would seek to include in a settlement nondiscriminatory guidelines for hiring and promotion and a provision for the district court to retain jurisdiction for a period of time to assure compliance by the defendants. Some members of the group voiced fears of possible retaliation against them for bringing the suit and Kaplan replied that a settlement could also address that problem. There was general assent from that group that such a settlement would be satisfactory and that they trusted his professional judgment. No one objected to the proposed settlement. Leon Marks, a law partner of Kaplan's, and Peter Miller, Kaplan's law clerk, supported Kaplan's version of the settlement discussion.
 
 
 13
 Marvenia Malone and Joseph Gatlin testified that Kaplan told the group that under no circumstances would G. Ross Smith, the defendants' attorney, settle, and that they were going to "nail the superintendent, Mr. Carter, to the cross."
 
 
 14
 Marjorie Johnson, Doris McKinney, Joe McKinney, Loucile Vaughn and Emma Jean Richmond testified that they did not recall any discussion of a possible settlement nor did they recall Kaplan asking for authority to enter into a settlement on their behalf.
 
 
 15
 At the conclusion of the general meeting Kaplan, Marks and Miller interviewed each person individually to insure that no viable money claim had been missed. They found none during the interviews and none were brought to Kaplan's attention in the weeks following the meeting.
 
 
 16
 The Court found that Kaplan had clearly explained the consequences of applying a three-year rather than a five-year statute of limitation to the plaintiffs' claims and that he fully discussed the desirability of entering into a settlement as well as what they could hope to accomplish with a settlement. The Court found further that there was general agreement by the plaintiffs that a settlement as Kaplan had outlined was acceptable and that they had faith in Kaplan's judgment. The Court concluded that Kaplan had authority from the plaintiffs to enter into a settlement on their behalf and denied the motion to set it aside.
 
 
 17
 Plaintiffs ask this Court to find that Kaplan did not have authority to enter into the settlement and to then set aside the joint stipulation for dismissal. Whether or not Kaplan was given authority is a question of fact. Federal Rule of Civil Procedure 52(a) provides that only a "clearly erroneous" finding of fact may be set aside. "(A) finding of fact is only deemed clearly erroneous if it is not supported by substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made." Southern Illinois Stone Co. v. Universal Engineering, 592 F.2d 446, 451 (8th Cir. 1979).
 
 
 18
 The testimony of Kaplan, Marks and Miller supports the district court's finding regarding authority to settle. Willie Shotwell, Hattie Jones and Callie Turner did not testify at the hearing, although they did attend the October meeting. Four of the other named plaintiffs neither attended the meeting nor testified at the hearing. There is no testimony that these seven want the settlement set aside, nor that three of them (Shotwell, Jones and Turner) disagree with the testimony of Kaplan, Marks and Miller as to the October 28th meeting, except that there was a letter of Turner's produced at the trial, which was not admitted.
 
 
 19
 The testimony of Gatlin and six of the plaintiffs conflicts with the Court's finding, but the Court expressed serious doubt concerning the validity of their testimony. An appellate court must give due regard to the trial court's opportunity to judge the credibility of witnesses. Rule 52(a) Fed.R.Civ.P., Marshall v. Kirkland, 602 F.2d 1282, 1291 (8th Cir. 1979). Plaintiffs contend that the district court's findings of fact should not be given great weight because of that court's interest in vindicating its prior conduct. This contention is without merit. The district court conducted a lengthy hearing in order to determine whether the dismissal should be set aside. The Court upon weighing the testimony determined that the dismissal should not be set aside. A thorough study of the entire record does not leave this Court with the definite and clear conviction that a mistake has been made.
 
 
 20
 Plaintiffs contend that the joint stipulation for dismissal was not a true settlement and was not implemented pursuant to Rule 41, Fed.R.Civ.P. These contentions are unfounded. The stipulation contains provisions that Kaplan outlined in the group meeting of October 28th and which the group approved. The fact that some of the plaintiffs now believe they are entitled to money damages does not affect the validity of the settlement.
 
 
 21
 Plaintiffs additionally contend that the dismissal was prejudicial to the interests of potential class members. Even though the class was never certified the settlement should benefit those persons, and in any event alleging a class action in the original complaint served to toll the statute of limitations on claims that would have been covered by a class action.
 
 
 22
 We reiterate Judge Eisele's statement that this situation resulted from a failure of Kaplan to adequately communicate with his clients and that the more desirable practice is to seek their written approval of the settlement.
 
 
 23
 However, we cannot say that the district court erred in denying the motion to set aside the joint stipulation for dismissal. The district court's opinion is affirmed.
 
 
 
 *
 The Honorable Donald P. Lay became Chief Judge of the Eighth Circuit on January 1, 1980
 
 
 **
 The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation