James M. WILSON et ux *v.*
LESTER HURST NURSERY, INC.

80-19                                598 S.W. 2d 407
Supreme Court of Arkansas
Opinion delivered May 5, 1980
Rehearing denied June 9, 1980

20

*Griffin Smith*, for appellants.

*Hoover, Jacobs & Storey*, for appellee.

JOHN I. PURTLE, Justice. Appellee, Lester Hurst Nursery, Inc., brought suit in the Pulaski County Chancery Court against appellants, Dr. James W. Wilson and his wife, Barbara J. Wilson, for the sum of $10,581 representing charges for landscape work performed by appellee at their residence in Little Rock, Arkansas. A lien had been filed by appellee; however, the court found it was not timely and dismissed it. The court granted personal judgment against the appellants jointly in the sum sought, plus interest from the date the bill was due until the date of the judgment, and in-interest on the judgment at 10% until paid. The court subsequently reduced the judgment to $10,160.38 and reduced the prejudgment interest to 6%.

On appeal appellants argue (1) the judgment was usurious; (2) it was error to award judgment against Barbara J. Wilson; (3) the amount charged for the labor and materials was unreasonable; and, (4) no prejudgment interest should have been allowed. We disagree with appellants on all four arguments.

The evidence reveals that Dr. Wilson went by Mr. Hurst's office with a landscape plan for his new home, and they agreed Hurst would do the job. Dr. Wilson testified Hurst told him landscaping would not cost much and the charges would be in line. Hurst denied the cost being discussed. In any event, there was no agreed price for the contract.

On March 17, 1977, after the work was completed, appellee sent appellants a bill in the amount of $10,581. The

bill included a statement that all bills were due on the 10th of the month and that payments past due more than 30 days would be charged interest at the rate of 10% per annum. Upon receipt of the bill, Dr. Wilson stated it was ridiculous and refused to pay it. The appellee attempted to file a lien, but the court found it to be untimely. Suit was filed by appellee for $10,581 plus sales tax, interest, and costs.

During the trial, both sides presented evidence and testimony favorable to their positions. Appellants' expert witness testified he thought a reasonable charge for the landscaping would have been between $5,000 and $6,000. He based his estimate upon the use of 70 crossties on the job site. He had not inspected the site prior to the work having commenced. Appellee produced an expert who had observed the site before and after the work was completed. He testified the quality of the work was good and the price was reasonable. He estimated 121 crossties were used oin the job. This was the number of crossties appellee claimed to have used on the job.

The trial court rendered judgment against Dr. Wilson and his wife in the amount of $10,741.38 with the prejudgment interest at the rate of 10% and provided the judgment would bear interest at 10% per annum. The judgment further provided if the amount was not satisfied within three days, it would become a lien on the property where the work was performed. The judgment was subsequently amended to the amount of $10,160.38, plus prejudgment interest at 6%, and interest thereafter at 10%.

Appellant correctly states the constitutional limit of 10% per annum interest; and, that if there is no agreement on interest, the rate will be 6% on contracts. The sanctions of Art. 19 § 13 Const. of Ark. apply only to charges in excess of 10% per annum. So far as we are able to determine, we have never before been called upon to declare interest at less than 10% per annum usurious. Appellant correctly cites several cases where we have held contracts to be usurious; however, none of the decisions involved a rate of interest less than 10% per annum.

Appellant cites the case of *Lovell* v. *Marianna Federal*

*Savings & Loan Assoc.*, 267 Ark. 164, 589 S.W. 2d 577 (1979), as authority for prejudgment interest being 6%. In *Lovell* we stated:

> . . . Therefore, he is entitled to the proceeds of the certificate of deposit together with interest from the date of such loss of use, at the rate of 6% per annum, as required by art. 19 § 13, Const. of Ark., until he receives payment.

Appellant, no doubt, failed to note the change in the opinion which is reflected in the Advance Sheets of December 3, 1979, at page 168. It is obvious this Court recognized the constitutional requirement that contracts draw interest at the rate of 6% per annum in the absence of an agreement for a different rate. The trial court correctly amended the prejudgment interest to 6% rather than 10% considering the facts that the obligation was contractual and there was no agreed rate of interest.

The argument that the judgment should not have included Barbara J. Wilson comes before this Court for the first time on appeal and cannot be considered because it was not raised in the trial court. *Ragge* v. *Bryan*, 249 Ark. 164, 458 S.W. 2d 403 (1970).

We have set out the facts relating to the reasonableness of the bill in the factual portion of this opinion. The chancellor found appellants owed a sum which was less than the amount claimed by appellee and somewhat greater than the estimate by appellants' witness. The appellants' witness admittedly based his estimate on the use of 70 crossties when, in fact, 121 had been used.

The matter was fairly and fully presented before the trial judge, who was in a better position than we are to evaluate the evidence and the testimony. We cannot say that the decree was clearly erroneous in reaching this result; and, therefore, we must affirm the chancellor's ruling as to the reasonableness of the charges. *Gibson* v. *Heiman*, 261 Ark. 236, 547 S.W. 2d 111 (1977).

Appellant finally urges appellee was not entitled to any interest because it failed to recover the full amount sued for. We believe *Lovell*, supra, was correct where we stated:

> The reason for allowing interest in such cases is to compensate the plaintiff for the loss. The time of the loss is used to determine the value of the property. When there has been a delay in compensating the injured party, he has an additional loss for the period of time for which he has been dprived of use of his property. *** These funds had an exact determinable value, both as to time and amount, when appellant was deprived of the use of them.

In the present case, the court determined the amount due the appellee and the time it was supposed to have been paid. Therefore, it meets the test set out in *Lovell*, supra. Had appellant so desired, he could have invested the money owed appellee at a rate considerably in excess of 6%; and, had he done so, he would have profited by his failure to pay the obligation.

For the reasons stated above we feel the cross-appeal should be denied.

Affirmed on appeal and cross-appeal.