UNITED STATES for the Use of CONFEDERATE CONSTRUCTION COMPANY, Appellee,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellant.

No. 80–1560.

United States Court of Appeals, Eighth Circuit.

Submitted March 6, 1981.

Decided March 25, 1981.

Russell F. Watters, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for appellant.

Philip W. Ragsdale and Richard L. Smith, Little Rock, Ark., for appellee.

Before HEANEY, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

Plaintiff subcontractor brought this action under the Miller Act, 40 U.S.C. § 270b, against the surety of a general contractor on a Corps of Engineers project. The district court[1] concluded that the surety owed the plaintiff, Confederate Construction, $38,197.80 under the subcontract, and that the defendant was not entitled to a setoff of liquidated damages for alleged delays in completion of the subcontractor's work. The court further held that the surety was indebted to Confederate in the amount of $17,950 for certain earthwork performed by Confederate. Prejudgment interest was awarded on this sum.

■ The surety's primary contention on appeal is that the trial court erred in awarding the plaintiffs compensation for the earthwork performed. This claim is without merit. The evidence credited by the trial court showed that the earthwork, which had to be completed before Confederate could proceed with its own work, was the responsibility of Dollar Construction, the general contractor. Although repeated demands were made by Confederate, Dollar failed to perform the earthwork. It was, therefore, necessary for Confederate to do the earthwork itself if it was to perform its subcontract. This work was accomplished with the knowledge of Dollar's superintendent, who did not protest, and the district court properly held that Confederate is entitled to compensation for it.

■ The appellant also argues that the district court erred in awarding prejudgment interest on the amount recovered by

1. The Honorable Oren Harris, District Judge for the District of Arkansas.

Confederate for the earthwork performed. Interest at the rate of six percent per annum was awarded from May 12, 1976, the date when all payments under the contract were due, until the obligation is paid. After a careful review of the record, we conclude that the trial court did not abuse its discretion in this regard. The amount of Confederate's claim was capable of ascertainment with a reasonable degree of certainty. The president of Confederate testified in specific terms as to the amount of earthwork performed, and the cost per cubic yard of this work. He further testified, as noted above, that the earthwork was performed only after repeated demands to Dollar were unavailing. Under these circumstances, the prejudgment interest award was properly allowed under Arkansas law,[2] and did not constitute an abuse of the trial court's discretion. *See Wilson v. Lester Hurst Nursery, Inc.*, 269 Ark. 19, 598 S.W.2d 407 (1980); *Lovell v. Marianna Federal Sav. & Loan Ass'n*, 267 Ark. 164, 589 S.W.2d 577 (1979); *Love v. H. F. Constr. Co.*, 261 Ark. 831, 552 S.W.2d 15 (1977). It should be noted that no objection was raised in the district court with respect to the prejudgment interest award.

As to all issues raised on appeal, the Court has concluded that the judgment of the district court is based on findings that are not clearly erroneous and that no error of law appears. The judgment appealed from is hereby affirmed.

**2.** Under the Miller Act, 40 U.S.C. § 270a, 270b, the federal law incorporates the state law on the subject of the proper interest rate and the time at which it begins to accrue.