Levonia T. GREY *v.* STATE of Arkansas

CR 82-112                                          334 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered June 14, 1982

*Omar Greene,* for petitioner.

*Wilbur C. "Dub" Bentley,* Prosecuting Atty., Sixth Judicial District, for respondent.

PER CURIAM. Levonia T. Grey filed a petition for a writ of certiorari alleging two reasons the writ should be granted. First, it stated that the bail of $75,000.00 was excessive, and, second, that the prosecuting attorney later filed an additional charge, for which an additional $25,000.00 bail was imposed. It is alleged this is part of a pattern to systematically deprive him of his constitutional right to bail.

The only record before us is a transcript of the bond hearing. The charges that have been filed against the petitioner are not listed but were alluded to by the attorneys at the oral argument in this matter. They include arson, conspiracy to commit arson and first degree battery, which are all serious charges.

After the hearing the trial judge reduced the bond which had been $150,000.00 to $75,000.00.

In order for us to say that the trial court was wrong in determining that $75,000.00 was a proper amount of bail to be set, we would have to find his judgment clearly erroneous. We have no basis at all to substitute our judgment for the trial court's as to what amount would be proper.

It is suggested in the dissent that the trial judge did not follow the procedures set forth in the Rules of Criminal Procedure regarding bail. *See* A. R. Cr. P. Rule 9. But that issue was not raised below nor has it been raised on appeal and we do not determine on our own such issues. *Cain* v. *Ark. Podiatry Board*, 275 Ark. 86, 628 S.W.2d 295 (1982); *Wilson* v. *Lester Hurst Nursery*, 269 Ark. 19, 598 S.W.2d 407 (1980).

An allegation was made that the prosecuting attorney intended to continue filing charges to prevent the release of the petitioner and that he has filed a separate charge and an additional $25,000.00 bail has been imposed, but we have nothing before us to prove the prosecutor is acting in bad faith. We cannot presume facts nor make judgments on the basis of bare allegations.

Writ denied.

ADKISSON, C.J., and PURTLE, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. Although the record is not as complete as it should be, petitioner, Levonia T. Grey, is apparently charged in Pulaski County Circuit Court, Fourth Division, with arson, two first-degree batteries, and various conspiracies relating to the main charges, for which bond was set at $100,000. One of these charges was filed subsequent to the filing of the petition in this Court.

In setting bail the trial court completely ignored the United States and Arkansas Constitutions; the Arkansas Rules of Criminal Procedure which were enacted by our legislature and adopted by this Court; and a recent decision of this Court, *Thomas* v. *State*, 260 Ark. 512, 542 S.W.2d 284 (1976).

The purpose of bail is to ensure the accused's presence at trial. Therefore, bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is excessive under the Eighth Amendment of the United States Constitution and under Article 2, § 8 and § 9 of the Arkansas Constitution. *Stack* v. *Boyle*, 342 U.S. 1 (1951). In considering the purpose for which bail is set, we emphasized in *Thomas, supra,* that "Money bail in any form ought to be a last resort and should be used only to assure the defendant's appearance."

Mr. Dub Bentley, Prosecuting Attorney for the Sixth Judicial District, argued this case orally before the Arkansas Supreme Court and stated:

> The purpose in setting the bail at this amount is not to deny him bail but rather to assure his presence not only for his trial but 14 other trials in which he will be a witness.

Rule 8.5 (c) (ii) requires the prosecuting attorney to recommend bail. Such a recommendation could partially account for the circuit court's apparent confusion as to the purpose of bail. Here, it is unknown how much of the $100,000 is to assure the petitioner's appearance in court for his own trial and how much is for the illegal purpose of assuring his presence in court as a witness at someone else's trial.

Furthermore, in fixing bail in this case, the trial court failed to comply with the provisions of A. R. Cr. P. Rule 9. For example, Rule 9.2 (a) provides that "The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court." This Court addressed this requirement in *Thomas, supra,* and specifically held at page 522 of that opinion that a "determination that no other condition would ensure petitioner's appearance in court" be made before setting money bail. Here, the trial court made no such determination.

Another example of the trial court's failure to comply with the rules is the fact that the trial judge made no findings

as to the "facts relevant to the risk of wilful nonappearance" as required by Rule 9.2 (c). This rule provides:

(c) In setting the amount of bail the judicial officer should take into account all facts relevant to the risk of wilful nonappearance including:

(i) the length and character of the defendant's residence in the community;

(ii) his employment status, history and financial condition;

(iii) his family ties and relationship;

(iv) his reputation, character and mental condition;

(v) his past history of response to legal process;

(vi) his prior criminal record;

(vii) the identity of responsible members of the community who vouch for the defendant's reliability;

(viii) the nature of the current charge, the apparent probability of conviction and the likely sentence, in so far as these factors are relevant to the risk of nonappearance; and

(ix) any other factors indicating the defendant's roots in the community.

There are no findings by the trial court indicating that any of the above factors were considered in setting the bail.

The trial court also ignored Rule 9.2 (e) which states that an appearance bond and any security deposit already required shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct. Here, at least two of the charges against petitioner arose out of the same conduct as the other

charges, but whether the trial court took this into consideration in setting the bond is unknown.

Lastly, it should be noted that in *Thomas, supra,* we held that Rule 9.2 contemplates the use of the least restrictive of the three types of money bail set out in Rule 9.2. This holding was apparently ignored by the trial judge, who obviously used the most restrictive type of money bail arrangement in order to keep the petitioner in jail until his trial and possibly in jail until the 14 other cases in which he is to be a witness come to trial. This could be an indefinite length of time.

On a better day this Court in *Thomas, supra,* recognized that the fixing of bail requires the payment of a considerable sum to a professional bail bondsman and that this constitutes a substantial penalty before trial. This Court went on to conclude in that case, a conclusion equally applicable to this case, that "The spirit of the fixing of bail by the trial court contravened the drafting committee's view that 'money bail in any form ought to be a last resort and should be used only to assure the defendant's appearance.'"

For the reasons stated I would reverse this case and remand to the trial court and require that reasonable bail be set under the procedures set out by this Court and the legislature as reflected by the Arkansas Rules of Criminal Procedure.

JOHN I. PURTLE, Justice, dissenting. In addition to the reasons given by the Chief Justice in his dissent, with which I wholly agree, I wish to add additional reasons for my separate opinion.

To start with, Amendment 8 to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Art. 2 § 9 of the Constitution of the State of Arkansas states:

Excessive bail shall not be required, nor shall excessive fines be imposed; nor shall cruel or unusual punish-

ment be inflicted; nor witnesses be unreasonably detained.

The petitioner filed his petition at a time when he was charged with five felony counts. Two are for conspiracy to commit two of the other acts charged. He was initially placed under a $150,000 bond and the judge lowered the bond to $75,000. After he filed his petition for habeas corpus he was charged with an additional felony and bond was set at $25,000 which raised his total present bond to $100,000. By comparison these are fairly minor felonies.

It was admitted by the prosecuting attorney that the petitioner was being held as much as a witness as he was an accused. In response to a question at the hearing, the prosecuting attorney made the statement that he and his staff could be prepared for trial in regard to the charges against the petitioner within one week. Hopefully, the question before this court will be moot by the time this opinion is published.

The petitioner is 26 years of age and has been a lifelong resident of Arkansas. He did spend two years outside Arkansas while attending college in Milwaukee. Additionally, he spent some time serving in the armed forces of the United States. He is a veteran with a 40% disability rating. He was regularly employed before his arrest and has been promised employment if he is released. In fact, he has worked for Bob Troutt since he was 15 years of age except for the time he was away in college and in the armed forces. He has never been convicted of a felony.

It appears to me that the petitioner is being held under unreasonable bond for the simple reason that he is employed by Robert Troutt. I do not care what kind of vendetta the Sheriff of Pulaski County has against Troutt, but whatever it is, he should not be permitted to utilize the courts as willing accomplices to the disruption of the processes of orderly justice. This petitioner deserves and is guaranteed the right to have reasonable bail set for him based on the guidelines contained in the Chief Justice's opinion. In

accordance with our constitution, he is innocent until proven guilty. Therefore, I would set a reasonable bond in an amount which would be sufficient to expect him to appear for trial.