BANK OF MULBERRY, Appellant,

v.

FIREMAN'S FUND INSURANCE
COMPANY, Appellee,

v.

Joe A. ARNOLD.

No. 82–2536.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1983.

Decided Nov. 3, 1983.

David E. Smith, Boswell & Smith, Bryant, Ark., for appellant.

Davis, Cox & Wright, Fayetteville, Ark., for appellee, Fireman's Fund Ins. Co.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

The Bank of Mulberry was insured by Fireman's Fund Insurance Company against losses incurred by the fraud of its employees. The Bank sued Fireman's to recover for losses incurred by the fraud of the Bank's former president, Joe A. Arnold.

The Bank sought recovery for losses sustained by three separate events: a $100,000.00 loan, a $42,000.00 theft, and a $142,000.00 loan. The district court[1] granted Fireman's motion for a directed verdict on the $100,000.00 loan, but the Bank won an award of $181,000.00—the amount lost less the deductible—from the jury on the other two claims. The Bank appeals the grant of the motion for a directed verdict and the district court's refusal to award prejudgment interest, a statutory 12% penalty, and attorneys' fees. We affirm in part and reverse in part.

I. The $100,000.00 loan and the directed verdict.

■ While Arnold was president of the Bank he was also a part owner of Mulberry C.A.T.V., a cable television operation. In July and August, 1978 a number of C.A.T.V. checks were presented for payment to the Bank. Despite insufficient funds in C.A.T.V.'s account, Arnold ordered the checks paid. On August 28 Arnold arranged a loan of $100,000.00 to C.A.T.V. This money was placed in C.A.T.V.'s account and was used to cover the checks previously paid by the Bank. Arnold then convinced Arkansas Bank & Trust in Hot Springs to buy a "participation interest" in the loan. The owner of a "participation interest" has a right to money paid on the loan and bears the risk of the debtor's failure to repay. When Arkansas Bank & Trust learned of C.A.T.V.'s insolvency, it threatened to sue the Bank for fraud on the participation agreement. In an effort to protect the Bank from litigation, the Bank redeemed the participation interest from Arkansas Bank and Trust and then sold it to one Doyle Hopkins. Hopkins was the principal shareholder in Citizens Bank of Van Buren, which had loaned Arnold the money to purchase 75% of the stock of the Bank of Mulberry. Citizens had secured this $600,000.00 loan with a lien on Arnold's stock. Hopkins purchased the interest to shore up the Bank's financial condition and to protect Citizens' collateral. Hopkins later received a little over $65,000.00 from a C.A.T.V. receivership sale towards paying off the participation interest. The Bank is now trying to recover the remaining amount due on the debt.

The district court, 550 F.Supp. 1218, granted Fireman's motion for a directed verdict on the ground that the Bank had not suffered any loss on the sale of the participation agreement, since Hopkins would bear the loss from C.A.T.V.'s failure to pay off the note.

The Bank makes three arguments for reversal. First, it contends that it has suffered a loss. The sale of the participation interest to Hopkins imposed upon the Bank "new obligations," the Bank argues. However, it is unable to point to any specific obligations to Hopkins or anyone else. The Bank concedes that Hopkins has no recourse against the Bank for his losses on buying the participation agreement; nor did the Bank agree to indemnify Hopkins for any such losses.

The Bank's second argument has to do with the nature of a participation interest. Selling a participation interest is different from negotiating a note; in the former, the debtor remains liable to the seller, while in the latter case the debtor is liable only to the holder of the note, the buyer. Thus, here, C.A.T.V.'s liability is to the Bank, and that liability has not been satisfied. However, the Bank has itself passed on its rights to any funds received from C.A.T.V. to the buyer of the participation interest, Hopkins, and Hopkins has assumed all risk of nonpayment. The fact remains that the Bank has not suffered any loss.

The Bank's third argument is that its policy with Fireman's covers not only its losses, but the losses of others. The policy provides that if the insured, at its discretion, includes a third-party loss in its proof of loss, the insurer will pay it. Thus, the

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court, Western District of Arkansas.

Bank argues, Fireman's is liable for Hopkins's loss as well.

We are not certain that the policy was intended to cover this kind of loss. More importantly, however, the Bank's attorney concedes that Hopkins is not mentioned by name in the proof of loss. Nor does it appear that the Bank at any time characterized the loss as a third-party loss. In fact, the Bank argued strenuously at trial that *the Bank,* not Hopkins, had suffered a loss on the participation interest. The possibility that the loss might be covered under another policy provision—the third-party loss provision—was apparently not even mentioned until after the district court had granted the motion for a directed verdict. Even if the third-party loss provision issue was properly raised and preserved for review, there seems to be no evidence from which a jury could infer that the Bank had fulfilled, or even attempted to fulfill, its obligation under the policy to include any third-party loss in its proof of loss.

We are unable to conclude that the district court erred in granting the motion for a directed verdict.

## II. Prejudgment interest and attorneys' fees.

While Arnold was its president, the Bank maintained an account with First National Bank in Little Rock. Arnold withdrew $42,110.78 from that account and used it to pay off a personal loan with First National. Arnold has not repaid the Bank.

From September to November, 1978 Arnold continued to pay C.A.T.V.'s checks even though there were insufficient funds in C.A.T.V.'s accounts. Prior to an audit, he had C.A.T.V. shareholders, including himself, sign notes for loans in the amount of $142,000.00; as before, the loans were used to pay the bad checks. These notes have not been paid.

The jury found that the Bank had lost this money as a result of an employee's fraud or dishonesty, and thus that the losses were covered by the policy issued by Fireman's. The jury awarded the Bank $181,-000.00, which was the total amount of the loss less the policy deductible. The Bank then sought prejudgment interest, attorneys' fees, and a 12% penalty available under an Arkansas statute.

(a) Prejudgment interest.

The Bank argues that it is entitled to prejudgment interest from April 24, 1979, sixty days after its proof of loss was filed with Fireman's. The district court denied the Bank's motion, without stating its reasons.

■ Prejudgment interest is to be awarded in cases where there is a method of determination of the value of the property at the time of the loss. *Lovell v. Marianna Federal Savings and Loan Ass'n,* 267 Ark. 164, 589 S.W.2d 577, 578 (1979). In *Lovell,* the court held that prejudgment interest should have been awarded when the property involved was a certificate of deposit. Prejudgment interest has also been awarded in cases involving a real estate broker's fee, *Toney v. Haskins,* 7 Ark.App. 98, 644 S.W.2d 622, 627 (1983), damage to an automobile, *Wooten v. McClendon,* 272 Ark. 61, 612 S.W.2d 105 (1981), and the cost of a construction job, *United States v. United States Fidelity & Guaranty Co.,* 644 F.2d 747 (8th Cir.1981) (applying Arkansas law). Prejudgment interest has been denied in cases involving personal injuries, *Wooten v. McClendon,* 612 S.W.2d at 106; see *Lovell v. Marianna Federal Savings and Loan Ass'n,* 589 S.W.2d at 578, and lost profits, *Red Lobster Inns, Etc. v. Lawyers Title Ins. Co.,* 656 F.2d 381, 386 (8th Cir.1981) (applying Arkansas law).

■ It is not obvious from looking at these cases into which category payment of insurance proceeds should fall. However, the premier prejudgment interest case in Arkansas, *Lovell,* provides some guidance. In that case the court noted that "[i]n the present case the certificates of deposit had an exact value on the date appellee refused to pay them over to appellant. He has been wrongfully deprived of the use of these funds since November 13, 1973." We note that in this case the unpaid loans and the

theft had an exact value on the date Fireman's refused to pay under the Bank's policy, and that Fireman's has had the use of what is essentially the Bank's money since that time. Nor does the fact that the Bank may have alternative sources of recovery— *i.e.,* the assets of C.A.T.V.'s shareholders— mean that the amount was not capable of determination. As the court expressly noted in *Lovell,* it does not matter that the claim is not "liquidated"; in other words, it is irrelevant to the recovery of prejudgment interest that the amount is disputed. We consider that the proof of loss statement and the Bank's books and records provide a method of determining the damages. Therefore, prejudgment interest should have been awarded.

**(b) Penalty and attorneys' fees.**

■ An Arkansas statute provides that when a loss occurs and the insurance company liable for the loss fails to pay, the insurance company shall be liable for an additional 12% in damages and for reasonable attorneys' fees. Ark.Stat.Ann. § 66–3238. The Bank believes that it is entitled to the 12% penalty and an attorney's fee because, on the claims put to the jury, it recovered exactly what it asked for. Fireman's points to a long line of Arkansas cases strictly construing the statute, which hold that the penalty and fees are recoverable only when the exact amount sued for is recovered, and argues that the Bank's failure to recover the $34,000.00 on the participation interest precludes recovery.

The Arkansas Supreme Court has held that § 66–3238 is penal in nature and is to be strictly construed. *E.g., Callum v. Farmers Union Mutual Insurance Co.,* 256 Ark. 376, 508 S.W.2d 316 (1974). In several cases in which the complaint sought recovery of the full policy amount and did not allow for the deductible, the penalty and fees were not allowed. In *Southwestern Insurance Co. v. Camp,* 253 Ark. 886, 489 S.W.2d 498 (1973), the plaintiff was awarded $1,000.00 plus the penalty and attorneys' fees. On appeal, the court found that the trial court did not give the insurance com-

pany credit for a $50.00 deductible. When the insurance company was given that credit, the insured did not recover the exact amount sued for; thus, the penalty and attorneys' fees were disallowed. The same result was reached in *Countryside Casualty Co. v. Grant,* 269 Ark. 526, 601 S.W.2d 875 (1980), which involved a $4500.00 verdict and a $50.00 deductible. The court in that case noted that the wisdom of its rule requiring recovery of the exact amount sued for was questionable, but that the "principle has been statutorily preserved and will not be disturbed by us." 601 S.W.2d at 878.

The Bank relies upon *Progressive Life Ins. Co. v. Hulbert,* 196 Ark. 352, 118 S.W.2d 268 (1938). In *Hulbert,* the plaintiff sued for $400.00. At the close of the evidence, the district court stated its belief that plaintiff could recover only $266.00, and allowed plaintiff to amend its complaint to that amount. Judgment was entered for plaintiff for $266.00, and the 12% penalty and attorneys' fees were allowed.

Here, however, the district court denied the Bank's motion to amend after the directed verdict was entered. That was a matter within its discretion, and we find no abuse of that discretion in this case. *Farmers Union Mutual Ins. Co. v. Myers,* 234 Ark. 1061, 356 S.W.2d 423 (1962); *Buder v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 690 (8th Cir.1981). The Bank recovered less than the amount it sued for, and in view of the long line of cases which have denied the penalty and attorneys' fees in cases more compelling than this, we cannot say that the district court was clearly mistaken in its application of state law.

CONCLUSION

We affirm the district court's grant of a directed verdict on the $100,000.00 loan and the denial of the statutory penalty and attorneys' fees. We reverse and remand on the issue of prejudgment interest.