**William Earl JENNINGS,
Appellee/Appellant,**

v.

**DUMAS PUBLIC SCHOOL DISTRICT,
Appellant/Appellee.**

**Nos. 84–2205, 84–2241.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1985.

Decided June 4, 1985.

G. Ross Smith, Little Rock, Ark.; for appellant/appellee.

Paul Ward, Little Rock, Ark., for appellee/appellant.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and COLLINSON *, Senior District Judge.

---

* The HONORABLE WILLIAM R. COLLINSON, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

COLLINSON, Senior District Judge.

Dumas Public School District (Dumas) appeals from a final judgment entered in the District Court for the Eastern District of Arkansas[1] awarding the appellee, William Earl Jennings the sum of $13,700.00 together with costs and interest from the date of judgment at a rate of 12.08 percent per annum. Jennings brought a class action and an individual action after Dumas failed to renew his teaching contract. Jennings subsequently abandoned the class action allegations of his complaint. Jennings alleged in his individual claim that appellants denied his civil rights in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1983 by denial of a promotion within the school district; that Dumas failed to renew his teaching contract in retaliation for Jennings filing a charge of discrimination against the school district with the EEOC; and that Dumas' actions in failing to renew Jennings' teaching contract were contrary to the express provisions of Ark.Stat.Ann. § 80–1304(b) and Dumas' own personnel policies, thus constituting a breach of contract. For reversal Dumas argues that the district court erred in (1) finding that Dumas failed to prove by a preponderance of the evidence that Jennings waived the provisions of Ark.Stat. Ann. § 80–1304(b) (Repl.1980) and (2) refusing to offset Jennings' back pay award by his current higher earning capacity which resulted upon his obtainment of a master's degree during the year following his non-renewal. Appellees in cross-appeal argue that the district court erred in denying Jennings prejudgment interest on his back pay award. For the reasons discussed below, we affirm on the merits.

## I. BACKGROUND

In August of 1974, Jennings began working at Dumas High School as an assistant varsity high school coach, eighth grade basketball coach and study hall keeper.

Jennings is a 34-year old black male holding a B.S.E. degree in physical education and biology and a M.S.E. degree in physical education. At all times while employed by Dumas, Jennings possessed a valid Arkansas teaching certificate.

When the position of head football coach became open in early 1980, Jennings and a white male, A.B. Wood, applied for the position. Wood began working for Dumas in 1979 and possessed a B.S.E. degree and M.S.E. in history. Wood was chosen for the position of head football coach. Jennings subsequently filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC).

At the time of Wood's selection as head football coach, Wood had a master's degree while Jennings had only a B.S.E. degree. In addition, Wood had more total years of experience in education and as a head coach and had won a high school championship in his division. The district court found that Jennings established a prima facie case of discrimination but also found that Dumas had articulated a legitimate non-discriminatory reason for hiring Wood and that the reasons for failing to choose Jennings were not pretextual. The district court further found that Jennings was not discharged in retaliation for filing an EEOC charge as alleged in another complaint filed by Jennings in on June 9, 1980.

After not being chosen for the head coaching position for football, plaintiff applied for the position of head basketball coach. Jennings met with his superintendent and principal in the spring of 1980 to discuss the head basketball coaching position. When the district hired another person for the job, Jennings told the superintendent that he would consider taking a different job out of the district. Jennings denied ever telling the superintendent or anyone else that he had accepted or was going to accept another position outside the district. Jennings testified at trial that he had even filled out and returned in March

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, Pine Bluff Division.

of 1980 a form supplied by the principal indicating his intention to return the next year.

Dumas contends that Jennings informed both the superintendent and principal that he intended to resign his employment so that he could take a job as a graduate assistant at Henderson State University or accept a job opportunity afforded him in Texas. Even though the superintendent requested a written resignation from Jennings, none was received and the superintendent proceeded to fill the position on the expectations that Jennings would no longer be an employee of the school district following the 1979–80 school year. Upon discovering that teachers' contracts were offered to other certified personnel of the school district in May of 1980, Jennings informed the superintendent that he did not consider himself resigned or having offered his resignation. At that time, the superintendent had already offered Jennings' job to another individual and the District Board of Directors had accepted Jennings' resignation. The district court found that Dumas' actions in failing to renew Jennings' contract were not in compliance with Ark. Stat.Ann. § 80–1304(b) (Repl.Vol.1980), in effect at the time.

Subsequent to Jennings' nonrenewal, he filed another EEOC charge. He obtained a graduate assistant position at Henderson State University while completing his master's degree. After receiving his master's degree, Jennings became head freshman football coach at a high school in Texas.

## II. DISCUSSION

Dumas first argues that the district court erred in finding that Dumas failed to prove by a preponderance of the evidence that Jennings waived the provisions of Ark. Stat.Ann. § 80–1304(b). The trial court found for Jennings on his pendent state claim based on the Arkansas statute. Section 80–1304(b) provides:

"... Every contract of employment hereafter made between a teacher and a board of school directors shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the school year next succeeding the date of termination fixed therein, which renewal may be made by indorsement on the existing contract instrument; unless during the period of such contract or within ten (10) days after the termination of said school term, the teacher shall be notified by the school board in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be renewed for such succeeding year, or unless the teacher during the period of the contract or within ten (10) days after close of school shall deliver or mail by registered mail to such board his or her written resignation as such teacher, or unless such contract is superceded by another contract between the parties...."

The district court found that Dumas never gave Jennings any written notice of nonrenewal, that Jennings never gave defendant a written resignation, and that Dumas failed to prove that Jennings waived the provisions of the statute. Dumas argues that the trial court erred by ignoring the policy that has enabled the Arkansas Supreme Court to rule that "written" requirements of the statute can be waived. Dumas contends that the facts and circumstances surrounding this case clearly indicate that Jennings' statements and conduct amounted to an intelligent waiver of his designated rights under the Arkansas continuing contract law and superseded Jennings' 1979–80 contract with the school district. Dumas contends that there is ample evidence to show that Jennings voluntarily relinquished his position and that his conduct and statements beguiled the district administration and school board into thinking that Jennings regarded his contract as having been terminated by his own resignation. Dumas argues that under these circumstances and in light of the law set forth in *Sirmon v. Roberts*, 209 Ark. 586, 191 S.W.2d 824 (1946), the district court should have found that Jennings' teaching contract was superseded by his waiver of the

continuing contract provisions of Section 80–1304(b).

Jennings argues that the district court did consider the issue of whether plaintiff waived his rights under the Arkansas statute, but found that Dumas failed to prove its case by a preponderance of the evidence. Jennings argues that the trial court's findings are not clearly erroneous and that the record amply supports the lower court's findings. Jennings contends that the trial court did as *Sirmon* directed and did carefully scrutinize the evidence bearing upon the alleged waiver and found it wanting.

■■■■ Because the finding of non-waiver by Jennings of his rights under the Arkansas statute is a finding of fact, the standard governing appellate review of the district court's finding is that set forth in Federal Rule of Civil Procedure 52(a). Rule 52(a) provides: "Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness." A finding is "clearly erroneous" if it is unsupported by substantial evidence, proceeds from a misconception of the law, or if the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Richmond v. Carter*, 616 F.2d 381, 383 (8th Cir.1980). A reviewing court may not reverse the finding of the trier of fact simply because it believes that it would have reached a different decision. *Anderson v. City of Bessemer City, North Carolina,* — U.S. ——, ——, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Clearly, the rule is that review of factual finding must be under the clearly erroneous standard with deference to the trier of fact. *Id.* "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that

finding, if not internally inconsistent, can virtually never be clear error." *Id.*

■■■ The record in this case amply supports the district court's findings of fact. The district court did not commit clear error in finding that Jennings did not waive the provisions of section 80–1304(b) of the Arkansas statutes. Jennings testified without contradiction that he returned a signed slip to the principal indicating his intention to return. Jennings testified that he never prepared a written resignation, that he never told anyone he was going to prepare such a resignation, and that he never verbally told anyone he was going to resign. Jennings testified that he was considering other jobs and had mentioned this to the superintendent and principal. Superintendent Tidwell testified that Jennings told him he was going to resign. Principal Weser testified that Jennings gave an oral resignation.

Basically, a swearing match developed at the trial. Tidwell and Weser took the position that Jennings orally resigned and Jennings denied any type of resignation. The trier of fact was faced with the testimony of these three witnesses. None of their accounts of the spring semester's events is implausible on its face, and none is contradicted by any reliable extrinsic evidence. Under these circumstances, the trial court's decision to credit Mr. Jennings and conclude that he did not waive his statutory rights was not clearly erroneous.

■■■ Dumas also argues that the district court erred by not offsetting any damage award to Jennings to the extent of the value of his enhanced earning capacity which resulted from his obtaining a master's degree. Dumas argues that the opportunity Jennings had to complete the requisites for his master's degree in one year (rather than the several years it would have taken if Dumas had continued to employ him) should have been treated as a recognizable economic benefit that enhanced his earning capacity. Jennings now makes $2500.00 more per year due to his master's degree. Dumas argues that the

district court erred in not considering the value of this benefit in the mitigation of Jennings' damages.

Jennings argues that the district court did consider the argument on mitigation but simply ruled against the school district. Jennings admits he received an economic benefit by obtaining his master's degree, but that this benefit did not accrue in the 1980–81 school year, the year the back pay award covered and the year to which all mitigation of damages should be limited. We agree with Jennings.

The district court did not err in refusing to offset Jennings' back pay award by his current increased earnings resulting from his master's degree. The district court had before it evidence of Jennings' damages and his enhanced earning capacity. The district court found that Jennings has a M.S.E. degree in physical education. The district court made a specific finding as to the amount of damages. There is nothing in the record that indicates that the district court did not consider the issue of whether Jennings' enhanced earning capacity should be treated as accrued for the 1980–82 school year. The trial court apparently found that Jennings' earnings, due to the obtainment of the master's degree, are accruing now and not in 1980–81, and therefore was not a proper item for mitigation.

Once again, our task is to determine whether the trial judge's conclusion is clearly erroneous. On the record before us, we cannot say it was. Thus, the district court did not err.

Jennings filed a cross-appeal with respect to that portion of the August 20, 1984, order which denied him prejudgment interest. Jennings argues that the district court erred in denying prejudgment interest in his back pay award. He argues that Arkansas case law and the rationale in awarding prejudgment interest warrants an award in this case. Jennings contends that at the time his loss was complete, at the end of 1980–81 school year, the amount of his damages was easily ascertained by Dumas. Therefore, under the test set forth by the Arkansas Supreme Court in

*Lovell v. Marianna Federal Savings and Loan Ass'n*, 267 Ark. 164, 589 S.W.2d 577 (1979) (en banc), he is entitled to prejudgment interest. Dumas argues that the trial court properly concluded that Jennings' damages were not immediately ascertainable with any degree of certainty at the time of Jennings' loss of employment and therefore prejudgment interest could not be allowed.

■ The law of the state where the cause of action arises governs whether a party in a federal diversity action is entitled to prejudgment interest. *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1290 (8th Cir.1980). Arkansas law requires prejudgment interest when there is a method of determining the value of the property at the time of the loss. *Lovell*, 267 Ark. at 167, 589 S.W.2d at 578. Where damages are not readily ascertainable with any degree of certainty at the time of plaintiff's injury, prejudgment interest is not recoverable. *Id.* If the precise extent of a defendant's liability is readily determinable, the plaintiff is entitled to interest from the date on which the suit was brought. *Little Rock Crate & Basket Co. v. Young*, 284 Ark. 295, 298, 681 S.W.2d 388 (1984). Therefore, prejudgment interest may be allowed in cases where damages are not ascertainable at the time of the injury, but can be determined with certainty at a later period. The district court concluded that Jennings' damages were not readily ascertainable with any degree of certainty at the time of Jennings' loss of employment. We agree.

■ The district court did not abuse its discretion in denying prejudgment interest on the amount awarded as it found that Jennings' back pay recovery was not readily ascertainable. The district court stated, "While the plaintiff's contract rate was known at the time of his 'nonrenewal,' the amount of judgment to be entered in his favor was not capable of determination until the trial of this matter was conducted." Since the extent to which Jennings mitigated his damages was unknown until the district court made that determination, the

value of his contract could not be ascertained until judgment was rendered in this cause. Accordingly, the district court did not err in denying prejudgment interest.

For the foregoing reasons, the judgment of the district court is affirmed in all aspects.