Walter A. WOOTEN *v.* Mac McCLENDON

80-271                           612 S.W. 2d 105

Supreme Court of Arkansas
Opinion delivered March 2, 1981

*Ray & Donovan*, for appellant.

*Daggett, Daggett & Van Dover*, by: *David W. Cahoon*, for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Walter A. Wooten, filed suit for damages to his vehicle which occurred on March 17, 1977, as a result of appellee's negligence. The jury awarded him property damages in the amount of $2,000 and personal injury damages in the amount of $750. Judgment was entered in these amounts on May 14, 1980.

Thereafter, on May 27, 1980, the appellant filed a motion to amend the judgment to include prejudgment interest on the property damages. This appeal is from an order denying the motion to include prejudgment interest on property damages from March 17, 1977 to May 14, 1980.

Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. This interest must be allowed for any injury where, at the time of loss, damages are immediately ascertainable with reasonable certainty. Where prejudgment interest is collectible at all, the injured party is always entitled to it as a matter of law. Nothing is left for the jury's consideration. The court stated in *Lovell* v. *Marianna Federal Savings & Loan Association*, 267 Ark. 164, 589 S.W. 2d 577 (1979): "The test in prejudgment interest cases is whether there is a method of determination of the value of the property at the time of the injury. If such method exists, prejudgment interest should be allowed."

The recovery of prejudgment interest is not dependent upon whether the claim is liquidated or whether it sounds in tort or contract. However, in most personal injury claims the amount of money damages is not measurable until some future time. Prejudgment interest will always be dependent upon the initial measure of damages being determinable immediately after the loss. If the damages are not by their nature capable of exact determination both in time and amount, prejudgment interest is not an item of recovery.

Since damages are reduced to money and since interest is the price paid for the use of money, it logically follows that to fully compensate the injured party for his delayed recovery the rate of prejudgment interest should be that rate which is currently in use by those lending money. However, Ark. Const. art. 19, § 13 artifically regulates the price for the use of money and provides that, when no rate of interest is agreed upon, the rate shall be 6% per annum. Therefore, since the legislature has failed to prescribe a rate for prejudgment interest, it must be set at 6% as prescribed by the Constitution.

The trial court erred in not granting appellant's motion to amend judgment to include prejudgment interest from March 17, 1977, until the date the judgment was entered on May 14, 1980, on property damages to appellant's vehicle.

Therefore, this case is reversed and remanded for entry of judgment consistent with this opinion.