Kelton R. BROWN *v.* SUMMERLIN
ASSOCIATES, INC.

80-308                                         614 S.W. 2d 227

Supreme Court of Arkansas
Opinion delivered April 13, 1981
[Rehearing denied May 11, 1981.]

*Patten, Brown & Leslie,* by: *Charles A. Brown*, for appellant.

*Hoover, Jacobs & Storey*, by: *O. H. Storey, III*, for appellee.

JOHN I. PURTLE, Justice. The appellee brought suit against the appellant for compensation due him as a result of a contract between the parties. The appellant brought a counterclaim against the appellee for an amount greater than that sought by appellee. The contract and the facts were very complicated and the trial court appointed a master for the purpose of hearing the case, examining the evidence, and making a report to the court. The master did report to the court. Objections to the findings of fact and conclusions of law were voiced by the appellant and additional findings of fact and conclusions of law were made by the master. The trial court eventually adopted all of the findings of fact and conclusions of law proposed by the master. The appellant appeals from the decision of the court which adopted the findings of the master.

Appellant argues on appeal that: (1) the court erred in finding that appellee tendered plans for the development of phase II; (2) the court erred in refusing to make a specific finding of the value of services attributable to the work performed on phase II; (3) the court erred in finding appellant was not a third party beneficiary to a boundary line survey; and, (4) the court erred in allowing prejudgment interest.

We cannot say that the findings of fact and conclusions of law which were adopted by the court are clearly erroneous. Therefore, the trial court will be affirmed.

Appellant, Kelton R. Brown, purchased a 100-acre tract of land to be known as the Hillsboro Subdivision. As a condition of the purchase he required the seller to have the property surveyed. Knowing that he was going to use appellee to work for him in platting and surveying the subdivision, appellant suggested to the seller that appellee, Summerlin Associates, Inc., would be a good firm to survey the northern boundary line. In fact, the seller did obtain the services of Summerlin for the purpose of making the survey. Subsequently it was alleged that this survey was not

accurate. The appellant alleges that it cost him $1,900 to get a correct survey across the northern boundary of the 100 acres.

The property was purchased in June 1977, and the appellant and the appellee worked together without a written contract until October 1977 at which time they entered into a contract in writing. Although the written agreement required monthly billing and payment, it seems the parties did not strictly follow this requirement of the contract. Their disagreement widened until the appellant eventually ordered the appellee and his crew off the property.

The real issue of this lawsuit involves the supplemental findings and conclusions as adopted by the master on May 5, 1980. On August 6, 1980, the court adopted the report of the master and all findings and conclusions as well as those in the supplemental findings and conclusions previously mentioned. Since the findings and conclusions are written to cover 15 pages, they will not be set out verbatim in this opinion.

Appellant insists that the court erred in finding that appellee tendered the plans for phase II of the development. The court found that the appellee had prepared the plans and had presented them to the City Planning Commission for approval with the approval of the appellant. In fact, the plans were approved by the Planning Commission. We think the evidence presented is of such force that we cannot say the finding was clearly erroneous. Rules of Civil Procedure, Rule 52, provides that the findings of a master, to the extent adopted by the court, shall be considered as findings of the court. Therefore, we could not set aside the ruling of the master, which had been adopted by the court, unless we could say it was clearly erroneous.

Appellant next argues that the court erred in refusing to make a specific finding of the value of services attributable to the production of the plat for phase II. The record indicates that appellee claimed $16,794.64 for fees due him with

respect to the work performed on phase II. After taking testimony on this matter the master stated:

> After considering the testimony of experts, who expressed opinions concerning the reasonableness of the fees of Mr. Summerlin for his work on Phase II, and the testimony of appellant concerning their problems with Phase II and the total development, I am of the opinion that appellee owes appellant a further sum of $11,000.-00 on a Quantum Meruit basis.

The master devoted at least two pages of his report to this particular point. Although appellee presented bills in excess of $16,000, the master found he was only due the sum of $11,000 on phase II. It seems that the master considered a lot of conflicting testimony and reached the conclusions set forth above. Again, we are unable to say that the findings were clearly erroneous.

The appellant insists that the court was wrong in holding that he was not a third party beneficiary to the contract between appellee and the seller of the property for the survey of the northern boundary. True, appellant suggested to the seller of the property that appellee would be a good firm to survey the northern boundary. However, nothing at all was said between the parties to indicate that appellant had a right to rely on that survey because he did not in fact give any consideration for the survey. No doubt, he expected to benefit from it but mere expectation is insufficient to give rise to that of an intended beneficiary under the contract. The evidence was sufficient for the master to have found that appellant was a third party beneficiary. Had we been deciding the question ourselves we might have decided differently. However, we cannot say that the finding was clearly erroneous. There is a presumption that parties contract only for the benefit of themselves and a contract will not be considered as having been made for the use and benefit of a third party unless it clearly appears that such was the intention of the parties. *Howell, et al* v. *Worth James Const. Co.*, 259 Ark. 627, 535 S.W. 2d 826 (1976).

Finally, the appellant argues that prejudgment interest

was improperly allowed. Whenever a recovery is capable of computation, both as to time and amount, prejudgment interest is allowable. *Crow* v. *State*, 23 Ark. 684 (1861). We have held that where the damages cannot be ascertained at the time of the loss, interest before judgment should not be allowed. We recently held that whenever damages are ascertainable as to amount and time, then it is proper to allow prejudgment interest. *Lovell* v. *Marianna Fed. S&L Assn.*, 267 Ark. 164, 589 S.W. 2d 577 (1979).

We cannot say that any point argued on appeal was clearly erroneous pursuant to Rule 52. In view of the fact that appellant only challenges the findings and conclusions of the master, which were adopted in toto by the court, we must affirm.

Affirmed.