Lindsey PROCTOR et al *v.* Dr. Edward P. HAMMONS et al and Lindsey PROCTOR et al *v.* Dorothy BERNARD et al

82-228 and 82-229                    640 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered October 25, 1982

*Butler, Hicky & Hicky,* by: *Phil Hicky,* for appellants.

*Sharpe & Morledge, P.A.,* for appellees.

JOHN I. PURTLE, Justice. The circuit judge for St. Francis County, who was also serving as chancellor on exchange, issued a writ of mandamus ordering the St. Francis County Election Commission to place a proposed initiated ordinance on the ballot for the election on November 2, 1982. At the same time, in a chancery proceeding, the court denied a petition for injunctive relief against the county clerk concerning matters pertaining to the upcoming general election. The appeal is from both the circuit court order allowing the writ of mandamus and the chancery order finding the petition to be sufficient, legal and constitutional. (The same record serves for both the chancery and circuit courts.) We find that the lower courts acted properly and thus affirm both decisions.

The Board of Governors of Forrest Memorial Hospital, a county owned hospital in St. Francis County, negotiated a lease agreement for the hospital with Baptist Health Care Systems. The lease agreement was presented to the quorum court and received its approval pursuant to Ark. Stat. Ann. § 17-1504 (Repl. 1980). Immediately thereafter a group of local citizens opposed to the lease proceeded to circulate what they called an "Initiative Petition." The petition was described as "An Ordinance Prohibiting the Lease of Forrest Memorial Hospital." The county clerk certified the petition to the election commission on September 8, 1982. On September 21, 1982, the appellees filed an action in the circuit court in which they sought a writ of mandamus requiring the proposed initiated petition to be placed on the 1982 General

Election ballot. The appellants intervened in the circuit court litigation. On September 21, 1982, the appellants filed an action in the St. Francis County Chancery Court seeking to enjoin the county clerk and election commission from certifying the petition for placing the matter on the ballot. The appellees intervened in the chancery court proceeding.

The court, sitting as both circuit and chancery judge, rendered dual decisions on September 27, 1982. As circuit court a Writ of Mandamus was issued to the St. Francis County Election Commission requiring it to place the proposal on the ballot for the upcoming general election. At the same time the chancery court found that the proposed Initiated Petition and Initiated Ordinance were sufficient, legal and not in violation of Arkansas law or the Arkansas Constitution.

We have a two-pronged question to be decided in this matter. Does the proposed ordinance violate Ark. Stat. Ann. §17-1504 and is it sufficient in detail to meet the criteria required for initiative and referendum petitions? Ark. Stat. Ann. § 17-1504 states in part:

> Should the Board of Governors determine that it would be to the best interest of the citizens of the county that this hospital be operated or leased to some individual, firm or corporation, the board may contract or lease the equipment and hospital facilities to such individual, firm or corporation for such period of time and for such consideration and conditions as the board may deem wise; subject, however, to the approval of said contract or lease by the County Judge and the quorum court of the county wherein the hospital is located . . .

Clearly the foregoing statute authorizes the action taken by the board of governors and the county judge and quorum court. We now consider whether the statute prevents the people of the county from having an opportunity to express their approval or disapproval of such a measure. This statute does not require that any county hospital be leased or contracted to any individual or firm. The statute is permissive and not mandatory. The lease enacted by the quorum

court and signed by the county judge was for all practical purposes the same as any other ordinance. It is not disputed that other ordinances would be subject to initiative or referendum action. If the legislature had required that the board of governors and quorum court dispose of the hospitals by contract or lease, then we would have a different question before us.

Appellants argue that Amendment 7 to the Constitution, providing for Initiative and Referendum, prohibits a refendum by a municipality or county when such initiative or referendum is contrary to the constitution or any general law of the state. We agree with this statement of the law. However, we think neither Amendment 7 nor Ark. Stat. Ann. § 17-4011 (Repl. 1980) prohibits the action taken by the residents of St. Francis County, Arkansas. No provisions of the Constitution nor subsequent legislation prohibit the voters of a county from approving or disapproving the action taken by the board of governors and the quorum court. In the case of *Hodges* v. *Dawdy*, 104 Ark. 583, 149 S.W. 656 (1912), we considered a similar question and determined that the ordinance in that particular case was in conflict with the state law and, therefore, should not be submitted to the voters. That is still sound law but the facts in the case before us reveal that the present proposal does not run counter to a general state law or the Constitution.

Timeliness, as set out in Ark. Stat. Ann. § 17-4011, has been argued by the parties. We shall consider this issue since it was addressed in the arguments and will possibly prevent additional litigation. Ark. Stat. Ann. § 17-4011 is part of the enabling legislation enacted by the General Assembly pursuant to Amendment 7 to the Constitution of the State of Arkansas of 1874. The language questioned in is § [12] (11) providing: " . . . no court or judge shall entertain jurisdiction of any action or proceeding questioning the validity of any such ordinance or measure until after it shall have been adopted by the people." In the present case neither the trial court nor this court has considered the validity of this initiated ordinance. We have determined only the matter of procedure. The substance of the ordinance could be considered in a subsequent action.

Appellants argue that the ballot title is misleading and does not fairly represent the legislation proposed for adoption. The ballot title of the instrument is:

## AN ORDINANCE PROHIBITING THE LEASE OF FORREST MEMORIAL HOSPITAL.

This title will appear on the ballot to guide the voter at the time he casts his vote. It seems clear to us that the ordinance actually is one to prevent the lease of the Forrest Memorial Hospital to certain specified persons or corporations as no other lease has been proposed by the quorum court and the board of governors for the hospital. The concluding part of the ordinance, which will not appear on the ballot, reads as follows:

> NOW, THEREFORE, BE IT ORDAINED by the citizens of St. Francis County, Arkansas, that the proposed lease herein described shall not be executed and is hereby rejected and refused, and any action contrary hereto is repealed.

The body of the ordinance described the proposal as that being entertained by the Forrest Memorial Hospital Board of Governors and the St. Francis County Quorum Court. Therefore, it is obvious the proposed initiative is speaking only of the ordinance passed wherein the hospital would be leased to persons or firms outside St. Francis County.

The trial court, in the chancery case, found that the proposed petition was sufficient and that it was not unlawful nor did it conflict with existing state law or the Constitution of the State of Arkansas. After having heard the evidence and considering the matter on its merits the court determined that the injunction should not be issued. Although we consider matters de novo, when appealed from chancery courts, we give weight to the findings of the chancellor and do not reverse unless the decision is clearly erroneous. *Brown* v. *Summerlin Associates, Inc.,* 272 Ark. 298, 614 S.W.2d 227 (1981). We cannot say that the decision in this case was clearly erroneous.

Thus, the decree rendered by the Chancery Court of St. Francis County holding the ordinance to be sufficient is affirmed. We also hold that the circuit court order wherein the Writ of Mandamus was issued to the St. Francis County Election Commission was valid.

Affirmed.