George HUFSMITH *v.* Charles T. WEAVER,
Individually and in his capacity as
President of L & S Concrete Company, et al.

84-263                                    687 S.W.2d 130

Supreme Court of Arkansas
Opinion delivered April 8, 1985

*Perroni & Rauls, P.A.*, for appellant.

*Davidson Law Firm, Ltd.*, by: *Stephen L. Gershner*, for
appellees Weaver; L&S Concrete Co.; Webco, Inc.; Case; and
Case Concrete Co.

*Stephen Napper*, for appellees Gilliam and Gilliam
Brothers, Inc.

DAVID NEWBERN, Justice. In this action for tortious
interference with a contract, a summary judgment was
entered in favor of the defendants who are now the appellees.
The appellant, Hufsmith, was not a party to the contract
which was allegedly subverted by the appellees. Rather, he
based his standing to sue on his position as a third party

creditor beneficiary. The trial judge held the allegations of the complaint were insufficient to sustain the contention that the appellant was a third party creditor beneficiary. To that we add that there was no remaining genuine issue of material fact, as shown by the record, when the summary judgment motion was made, thus summary judgment was proper. Ark. R. Civ. P. 56(c). As this was a tort action, our jurisdiction arises under Arkansas Supreme Court and Court of Appeals Rule 29. 1. o.

The allegations of Mr. Hufsmith were that he, as president and majority shareholder of Razorback Ready Mix Concrete Company, Inc. (Ready Mix), entered into a contract to sell the assets of that company to Razorback Quality Concrete Company. He further alleged that the sale was dependent upon the issuance of industrial revenue bonds pursuant to Ark. Stat. Ann. §§ 13-1601 through 13-1616 (Repl. 1979 and Supp. 1983), popularly known as Act 9 bonds. Finally, Hufsmith alleged that the bond issue failed because of a "false and fraudulent" lawsuit filed by the appelles to block the issuance of the bonds, and that the appellees, who were competitors of Ready Mix, knew that failure of the bond issue, and thus of the sale, would cause the financial ruin of Ready Mix.

In an affidavit in support of his opposition to the appellees' motion for summary judgment, Mr. Hufsmith stated that because of the failure of the sale he was forced to use his own assets to pay off obligations of Ready Mix which he had personally guaranteed. It is this posture as guarantor of the obligations of Ready Mix, which was known to the appellees, which Hufsmith contends makes him a third party beneficiary to the contract of sale and thus gives him standing in this lawsuit.

Neither the allegations nor the affidavit was sufficient to show a remaining factual issue on the matter of Mr. Hufsmith's standing. With respect to the relationship of pleadings and summary judgment see *Joey Brown Interest* v. *The Merchants National Bank of Fort Smith*, 284 Ark. 418, 683 S.W.2d 601 (1985). Hufsmith cites no case showing that a third party beneficiary may bring an action

for tortious contract interference. More importantly, the cases he cites to demonstrate his third party beneficiary status are woefully inadequate.

Hufsmith cites *Wilson* v. *General Mortgage Co.*, 638 S.W.2d 821 (Mo. App. 1982), for this language: "one upon whom the promisee intends to confer the benefit of performance of the contract and thereby discharge an obligation or duty the promisee owes the beneficiary" is a third party creditor beneficiary (638 S.W.2d at 823). While the quoted language sounds good and is correct in the abstract, it is not helpful to Hufsmith's argument. In the *Wilson* case the plaintiff was a mortgagor who alleged the mortgagee had promised the Federal Housing Commissioner to make diligent efforts to acquire fire insurance to replace that which had been cancelled on plaintiff's mortgaged home. The plaintiff's home burned, and she sued the mortgagee claiming to be a third party beneficiary of the mortgagee's promise to the Commissioner. After citing with approval ALI, Restatement, Contracts § 133(1)(b) (1932), and discussing the standard fare on creditor and donee beneficiaries, the court held the plaintiff had not stated a cause of action because she alleged no facts showing the Commissioner owed her a duty which would have been discharged had the contract been performed by the mortgagor.

The same is true here. Accepting Mr. Hufsmith's statement that he was the guarantor of obligations owed by Ready Mix, there is no allegation or evidence that Ready Mix owed Hufsmith anything when the contract was entered.

The contract was entered on February 26, 1982. According to Hufsmith's affidavit, it was not until May 29, 1982, that he received a demand letter requesting that he, personally, pay the notes he had guaranteed for Ready Mix. No duty of Ready Mix to Hufsmith would have been discharged had the sale been consummated, because, as Hufsmith contends, there would have been no default by Ready Mix, and no duty on the part of Ready Mix to reimburse Hufsmith would have arisen. For a very similar situation in which status as a third party beneficiary was

denied, see *Shamburger* v. *Moody,* 322 F. Supp. 196 (E.D. Ark. 1970).

The duty or obligation of the promisee to the purported third party creditor beneficiary and the prospect of satisfaction of that duty by performance are integral elements of the description of a third party creditor beneficiary according to the Restatement. ALI, Restatement of Contracts, Second, § 302(1)(a) (1981). For an article analyzing the Arkansas cases in light of the first Restatement, cited earlier, see Comment, Enforceability of Third-Party Beneficiary Contracts in Arkansas, 5 Ark. L. Rev. 66 (1950). A more recent review is contained in *Ozark Milling Co., Inc.* v. *Allied Mills, Inc.,* 349 F. Supp. 553 (W.D. Ark. 1972).

The other case cited by Hufsmith on this point is *Southern Farm Bureau Casualty Co.* v. *U. S.,* 395 F.2d 176 (8th Cir. 1968), which involved an insurance contract in which the promise in the contract was to indemnify accident victims. It was properly conceded by Mr. Hufsmith's counsel in oral argument that such a case is not applicable here.

The appellees have argued that Hufsmith could not bring this action as a shareholder on behalf of Ready Mix. We find that argument inapposite, as Hufsmith sued as a third party beneficiary, not as a shareholder representing Ready Mix. They also argued the Noerr-Pennington privilege. See *Eastern Railroad Presidents Conference* v. *Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961); *United Mine Workers* v. *Pennington,* 381 U.S. 657 (1965). We need not consider whether their lawsuits against Hufsmith were privileged in view of our agreement with the trial court that Hufsmith lacked standing to bring this action.

We hold summary judgment in favor of the appellees was correctly entered because there was no remaining genuine issue of material fact as to whether Hufsmith was a third party creditor beneficiary, and thus Hufsmith lacked standing to bring this action.

Affirmed.

HAYS, J., not participating.