Gerald JOHNSON, Jr., Plaintiff,

v.

RYDER TRUCK RENTALS, INC., Defendant,

Aetna Life & Casualty Company, Intervenor.

Civ. No. 86–4006.

United States District Court, W.D. Arkansas, Texarkana Division.

Jan. 25, 1988.

Nicholas H. Patton, Texarkana, Ark., for plaintiff.

William L. Peek, Jr., Texarkana, Tex., for defendant.

James C. Baker, Jr., Little Rock, Ark., for intervenor.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

This is an action for damages allegedly occasioned by defendant's failure to make repairs to a truck owned by plaintiff's employer. Plaintiff worked as a truck driver and his employer rented its vehicles from defendant. As part of the rental arrangement, defendant promised "to provide ... Maintenance and repairs including all labor and parts which may be required to keep the Vehicles in good operating condition...."

At trial to the court plaintiff testified that he had been injured when he slipped and fell on account of an oil slick created by a hydraulic leak on a truck's lift gate. He also testified that he had called the leak to defendant's attention approximately two days before he left on the delivery run during which he was injured and that defendant failed to make the requested repair because it did not have the necessary part on hand. The court found the plaintiff credible in all respects and, the defendant having called no witnesses, the court adopts plaintiff's testimony as outlined above as its findings of fact. The question therefore reduces itself to whether plaintiff may recover on some theory under these facts.

### I.

The courts of the state of Arkansas recognize the general rule that in some limited instances a person not a party to a contract may recover for damages occasioned by its nonperformance. *See, e.g., Hufsmith v. Weaver,* 285 Ark. 357, 687 S.W.2d 130 (1985); *Chamblee v. McKenzie,* 31 Ark. 155 (1876). In order to make out a case for recovery as a third-party beneficiary to a contract, a plaintiff must show that the parties to the contract intended to benefit him directly. There is, moreover, a presumption that parties contract only for their own benefit and a contract will not be actionable by persons not privy to it unless it clearly appears that the parties to it made it for the use and benefit of third parties. *See Brown v. Summerlin Associates, Inc.,* 272 Ark. 298, 614 S.W.2d 227 (1981). Employees of one of the parties are sometimes expressly mentioned in a contract as intended beneficiaries. *See, e.g., Ben M. Hogan Company, Inc. v. Nichols,* 254 Ark. 771, 496 S.W.2d 404 (1973).

In this case, the only witness who testified was the plaintiff and therefore the only evidence of the intent of the parties to the contract that is before the court is the contract itself and the circumstances under which it was made. It may be inferred from the circumstances that the motive of plaintiff's employer in entering into the contract to keep its vehicles in repair was to insure that they were regularly available for the purpose of effecting its business. The court sees nothing in the circumstances that would overcome the presumption that the contract was made solely for the benefit of the parties to it.

The contract itself, however, provides that liability insurance for the rented vehicles must be provided by one party or the other as they may agree, and plaintiff points to this provision as evidence that the parties intended to benefit third persons.

This argument has a number of infirmities. First, a consciousness of the need for liability insurance to cover contingent or even remote possibilities is not much evidence that the defendant thought that it would necessarily become liable to third parties. The parties to the contract might have simply been guarding against unforeseen possibilities. Second, this provision does not provide ample reason for assuming that the class of claimants to which plaintiff belongs was intended to be benefitted, as opposed to some other class, as, for instance, drivers or pedestrians with whom the vehicles might collide. Third, and perhaps most fundamentally, the principal motive which leads people to procure liability insurance is to save themselves, not others, from ruinous losses. There is nothing in this agreement to indicate that plaintiff's employer and defendant were doing anything more than looking out for themselves when they contracted with respect to liability insurance. Persons to whom they might in the future become liable might be benefitted by the existence of insurance, but only incidentally and even then only if the party liable would have otherwise been unable to pay the judgment. For these reasons the court is of the view that plaintiff has no third-party beneficiary claim on account of defendant's covenant with plaintiff's employer to make repairs.

## II.

A second theory under which plaintiff might conceivably recover sounds not in contract but in tort. If defendant's breach of its contract was occasioned by its negligence, then there is authority to the effect that plaintiff can recover if that negligence proximately caused his injury. This theory has found its widest acceptance in cases allowing a tenant's invitee a tort recovery against a landlord for damages occasioned by the latter's neglient breach of his covenant to make repairs to the leased premises. The American Law Institute has approved these cases. *See Restatement (Second) of Property, Landlord and Tenant* § 17.5 (1977). There are no Arkansas cases that bear directly on this point, but it is by no means clear that the Supreme Court of Arkansas would be persuaded by the logic of this theory, especially in landlord and tenant cases, given its common-law orientation in such cases generally.

If left to its own devices, this court would decide this issue without reference to any other rules than those broad and well-recognized principles that generally attend any negligence case. Under these principles, the plaintiff would, in order to prove negligence, merely have to show that the defendant, in breaching its contract, committed an act from which an ordinarily prudent person in its position "would foresee such an appreciable risk of harm to others as to cause [it] not to do the act, or to do it in a more careful manner." *Hill v. Wilson*, 216 Ark. 179, 183, 224 S.W.2d 797 (1949). But ever since *Winterbottom v. Wright*, 10 M. & W. 109, 152 Eng.Rep. 402 (Ex.1842), a case to which our case bears the most striking resemblance, the question of tort liabilities based on the breach of duties contractually assumed (rather than socially imposed) has generated enormous controversy and has even given new life to the medieval distinction between misfeasance and nonfeasance. On this subject, *see generally* 3 F. Harper, F. James, Jr., and O. Gray, *The Law of Torts* § 18.6 (2d ed. 1986). In any event, the court must be guided by the law of Arkansas on this point. But unfortunately, the Supreme Court of Arkansas seems not to have directly faced up to the issues raised here; and a prediction as to how it might resolve them would be more than a little hazardous.

The court is of the view, however, that such a prediction is unnecessary since, even assuming a state of the law favorable to plaintiff's tort claim, he cannot prevail on these facts. That is because he has failed to show that the defendant was negligent in breaching its contract. Plaintiff testified that he had asked defendant two days before to make the necessary repair and defendant failed to do so because it did not have the necessary part. That is all the plaintiff has as evidence of negligence. Assuming that such evidence is sufficient

to make out a submissible case to a fact finder, though even that seems doubtful, this court finds that plaintiff has failed to show by a preponderance of the evidence that defendant was negligent. A finding that defendant was negligent would necessarily turn on the answers to such questions as how available the needed part was, what efforts, if any, were made to obtain it, and how long such a part in the ordinary course takes to obtain. The record is entirely silent on these matters and related ones and it is simply insufficient to support a finding for plaintiff. Indeed, it is a nice question whether defendant was even in breach, since it would presumably be allowed a reasonable time within which to perform, much less whether its negligence caused the breach.

### III.

The court being of the view that no negligence was proved, it becomes unnecessary to consider the question of plaintiff's negligence, if any. Judgment will therefore be entered for defendant.