CITY OF MORO *v.* CLINE-FRAZIER, INC. and Billy
Cline

CA 88-106                                   761 S.W.2d 615

Court of Appeals of Arkansas
En Banc
Opinion delivered December 14, 1988

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellant.

*Anderson & Kilpatrick*, by: *Michael E. Aud*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Lee County Circuit Court. Appellant, the City of Moro, appeals from a denial of its post-trial motion for prejudgment interest. We affirm.

Appellant filed suit against appellees, Cline-Frazier, Inc., an engineering firm, and Billy Cline, individually, alleging breach of the warranty of fitness for a particular purpose in the sewer system designed for appellant by appellees. The action was tried to a jury on May 13, 1987, and the jury returned a verdict in favor of appellant and against appellee Cline-Frazier, Inc., in the sum

of $25,000. Following the trial but prior to entry of judgment on the verdict, appellant filed a motion for prejudgment interest at the rate of 6% per annum from the date of completion of the sewer project to the date of judgment. The trial court denied the motion and entered judgment on the verdict. In its only point for reversal, appellant argues that the trial court erred in failing to grant its motion for prejudgment interest.

Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. *Wooten* v. *McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981). The test for an award of prejudgment interest is whether a method exists for fixing an exact value on the cause of action at the time of the occurrence of the event which gives rise to the cause of action. *Hopper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983). If such a method exists, prejudgment interest should be allowed, because one who has the use of another's money should be justly required to pay interest from the time it should have lawfully been paid. *Id.* If the damages are not by their nature capable of exact determination, both in time and amount, prejudgment interest is not an item of recovery. *Berkeley Pump Co.* v. *Reed-Joseph Land Co.*, 279 Ark. 384, 653 S.W.2d 128 (1983).

Appellee was engaged by appellant to perform the "necessary design surveys, accomplish the detailed design of the project, prepare detailed drawings, specifications, and contract documents" in connection with appellant's project to construct a city sewer system. Appellant alleged, and the jury found, that the plans and specifications submitted by appellee were defective in design. Appellee signed a certificate of completion dated September 10, 1980, stating that the contractor had completed the project substantially in accordance with the approved plans and specifications of appellee. Appellant argues that because the design defects existed at the time appellee issued the certificate of compliance, damages were capable of exact determination by application of engineering principles to undisputed facts. While we agree that the *defects* may have been capable of exact determination by application of engineering principles, it does not necessarily follow that the amount of damages resulting from the defects was also capable of exact determination by application of the same principles.

Appellant relies extensively on the case of *Wooten* v. *McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981). In *Wooten*, on conflicting evidence, the jury awarded appellant $2,000 as property damage to his vehicle resulting from appellee's negligence. Appellant sought prejudgment interest on the property damage award. The supreme court reversed the trial court's denial of prejudgment interest stating, "Prejudgment interest will always be dependent upon the initial measure of damages being determinable immediately after the loss." The damage to the automobile was clearly determinable immediately after the accident. In contrast, the case at bar does not involve damage to property. Although the breach occurred upon issuance of the compliance certificate and the defects could have been determined at that point, what damages the city would incur as a result of a defectively designed sewer system were not immediately ascertainable. Conceivably, although technically defective, the system could have caused no actual damage. In fact, the record reflects that no actual damage was brought to appellee's attention until 1984 although the system had been in place since September 10, 1980.

A review of the more recent decisions reveals that prejudgment interest has been awarded where the facts reveal that the value of the loss was ascertainable on the date the cause of action accrued. In *Broadhead* v. *McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986) we remanded the decision with instructions to award prejudgment interest on an award for unjust enrichment based upon checks totaling $3,028 wrongfully retained. Prejudgment interest was also ordered by the appellate court where a real estate broker was awarded damages equal to eight percent commission on the sale of a tract of land for $450,000. *Hopper* v. *Denham*, 281 App. 84, 661 S.W.2d 379 (1983). In *Toney* v. *Haskins*, 7 Ark. App. 98, 644 S.W.2d 622 (1983), we held that the chancellor erred in failing to award prejudgment interest on damages awarded to a principal based upon his agent's breach of fiduciary duty by securing secret profits for himself of $800.00 per acre in a land sale contract.

In each of the above cases, a method existed for calculation of the value of the loss at the time the cause of action accrued. The same is not true in the case at bar. There was no method to determine what loss, if any, would surface as a result of

the breach of warranty. The trial court properly denied prejudgment interest.

Affirmed.