WESTERN GULF SAVINGS AND
LOAN ASSOCIATION, Plaintiff,

v.

COMMERCIAL BANK AND TRUST
COMPANY OF MONTICELLO, AR-
KANSAS, Robert J. Johnson; and E.A.
"Sonny" Tucker, Defendants.

Civ. No. 89–1004.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Dec. 20, 1990.

Don P. Chaney of Wright, Chaney &
Berry, P.A., Arkadelphia, Ark., Thomas S.
Streetman of Arnold, Hamilton & Street-
man, Crossett, Ark., for plaintiff.

Hani Hashem of Gibson & Hashem, Mon-
ticello, Ark., Herbert Rule of Rose Law
Firm, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

This case was tried to a jury on Septem-
ber 17 through September 26, 1990. Plain-
tiff alleged fraud claims against E.A. "Son-
ny" Tucker (Tucker), Commercial Bank &
Trust Company of Monticello (Commercial
Bank), and Robert J. Johnson (Johnson).[1]
The plaintiff also alleged claims of negli-
gence against Commercial Bank and John-
son. Plaintiff's first amended complaint
seeks $1,000,000 from each of the defen-
dants plus punitive damages.[2]

The jury returned a plaintiff's verdict
against Tucker in the amount of $1,410,-
857.47. The jury returned a plaintiff's ver-
dict against Commercial Bank in the
amount of $150,000. The jury also re-
turned a plaintiff's verdict against Johnson
in the amount of $94,750. Plaintiff now
motions this court for prejudgment interest
as only against Commercial Bank and Rob-

---

1. Pursuant to Fed.R.Civ.P. 15, the court allowed
plaintiff to amend the complaint at trial to in-
clude a fraud claim against separate defendant
Johnson.

2. The court did not allow a punitive damage
instruction at trial.

ert Johnson. Commercial Bank has responded to the motion.

■ The law of the state where the cause of action arises governs whether a party in a federal diversity action is entitled to prejudgment interest. *Jennings v. Dumas Public School Dist.,* 763 F.2d 28, 33 (8th Cir.1985) *citing Bauer v. Uniroyal Tire Co.,* 630 F.2d 1287, 1290 (8th Cir.1980). After construing the applicable Arkansas case law, this court finds that plaintiff is not entitled to prejudgment interest for the reasons as follows.

■ The awarding of prejudgment interest is a matter of law. If it is collectable at all, it is a matter for the court's determination and may be awarded upon a post-judgment motion. *USAA Life Ins. Co. v. Boyce,* 294 Ark. 575, 745 S.W.2d 136, 139 (1988).

■ The Arkansas Supreme Court has stated that the test for an award for prejudgment interest is "whether a method exists for fixing an exact value on the cause of action at the time of the occurrence of the event which gives rise to the cause of action." *Atlanta Exploration, Inc. v. Ethyl Corp.,* 301 Ark. 331, ——, 784 S.W.2d 150, 153 (1990), *citing Hopper v. Denham,* 281 Ark. 84, 661 S.W.2d 379 (1983); *Lovell v. Marianna Fed. Sav. & Loan Ass'n,* 267 Ark. 164, 589 S.W.2d 577 (1979).

The court rejects plaintiff's argument that the Supreme Court did not intend to establish a test for determining prejudgment interest with *Lovell, supra.* In *Lovell,* the Supreme Court specifically established that "[t]he test in prejudgment interest cases is whether there is a method of determination of the value of the property at the time of the injury. If such method exists, prejudgment interest should be allowed." *Lovell, supra,* 589 S.W.2d at 578. Since *Lovell,* the Supreme Court has reiterated "the test" numerous times. *See Atlanta Exploration, Inc. v. Ethyl Corp.,* 301 Ark. 331, 784 S.W.2d 150, 153 (1990); *Hopper v. Denham,* 281 Ark. 84, 661 S.W.2d 379, 383 (1983); *Brown v. Summerlin Associates, Inc.,* 272 Ark. 298, 614 S.W.2d 227, 230 (1981); and *Wooten v. McClendon,* 272 Ark. 61, 612 S.W.2d 105 (1981). The Eighth Circuit Court of Appeals has also interpreted this as the test for prejudgment interest in Arkansas. *See Bone v. Refco, Inc.,* 774 F.2d 235, 239 (1985); *Jennings v. Dumas Public School Dist.,* 763 F.2d 28, 33 (1985); and *Bank of Mulberry v. Fireman's Fund Ins. Co.,* 720 F.2d 501, 503 (1983).

Further, "[c]ases decided since *Lovell* have stressed the requirement of certainty as to time and amount." *Berkeley Pump Co. v. Reed–Joseph Land Co.,* 279 Ark. 384, 653 S.W.2d 128, 136 (1983), *citing Brown v. Summerlin Assoc., Inc.,* 272 Ark. 298, 614 S.W.2d 227 (1981); *Wooten v. McClendon,* 272 Ark. 61, 612 S.W.2d 105 (1981) and *Taylor v. Jones,* 495 F.Supp. 1285 (E.D.Ark.1980). Plaintiff contends that the *Berkeley Pump* case has no precedential value regarding prejudgment interest. The court does not agree with plaintiff's characterization of *Berkeley.* Also, it is interesting to note that the court in *Berkeley* quotes from *Wooten v. McClendon,* 272 Ark. 61, 612 S.W.2d 105 (1981), a case that plaintiff has endorsed as proper law.

In *Wooten v. McClendon, supra,* the Supreme Court stated "[i]f damages are not by their nature capable of exact determination both in time and amount, prejudgment interest is not an item of recovery." *Id.,* 612 S.W.2d at 106. This same statement was recited in *City of Moro v. Cline–Frazier, Inc.,* 26 Ark.App. 138, 761 S.W.2d 615, 616 (1988). The court shall follow the appropriate test in determining whether plaintiff is entitled to prejudgment interest.

Plaintiff alleged claims of fraud and negligence against Commercial Bank in its handling of certain transactions of plaintiff with others. Commercial Bank's misdoings allegedly consisted of several different transactions, apparently combining to a tortious sum of over a million dollars. The jury returned a plaintiff's verdict against Commercial Bank in the amount of $150,-000. Plaintiff contends "there can be no doubt that the $150,000 awarded by the jury was the same $150,000 that was at the

heart of this lawsuit involving the bank quoting the plaintiff a payoff on an unfunded note for $150,000 ..." This court has considerable doubt.

Plaintiff's assessment of this amount's origin is purely speculation, conjecture and amounts to second-guessing the intention of the jury. Plaintiff sought over one million dollars in damages against Commercial Bank. Obviously the jury found the plaintiff was not entitled to this amount. Also, plaintiff's complaint alleges a payoff in the amount of $151,092.66, not a flat $150,000. Plaintiff made no request to the jury for prejudgment interest. In *East Texas Motor Freight Lines v. Freeman*, 289 Ark. 539, 713 S.W.2d 456 (1986), the court stated "[i]f a plaintiff intends to claim prejudgment interest, we think he must request a specific verdict ..." *Id.* at 713 S.W.2d at 462. Although the *Freeman* case concerned property damage and personal injuries, its holding is analogous here.

In *Freeman*, as here, the jury returned a general verdict in favor of the claimant although, as here, the claimant made differing allegations against the defendant. The court held that because the verdict did not distinguish between property damage and personal injuries, it was impossible to determine whether the jury intended to award any property damage. Therefore, the court refused to award prejudgment interest on the property damage.

Plaintiff cites *Wilson v. Lester Hurst Nursery, Inc.*, 269 Ark. 19, 598 S.W.2d 407 (1980) for the proposition that exact damages are not necessary for an award of prejudgment interest. That case is distinguishable. The *Wilson* case was tried to the court, not a jury. The court knew the basis of the damage award first hand, rather than have to second-guess a jury verdict. Having determined the damages personally, the court was in a proper position to assess the nature, amount and time of the damages to award prejudgment interest.

In cases where prejudgment interest was awarded, the damage awards involved specific, identifiable amounts capable of exact determination. *See e.g.*, *USAA Life Ins. Co. v. Boyce*, 294 Ark. 575, 745 S.W.2d 136 (1988); *Broadhead v. McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986); *Brown v. Summerlin Associates, Inc.*, 272 Ark. 298, 614 S.W.2d 227 (1981); *Wooten v. McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981); *Lovell v. Marianna Fed. Sav. & Loan Ass'n*, 267 Ark. 164, 589 S.W.2d 577 (1979); *Metropolitan Property & Liability v. Stancel*, 16 Ark.App. 91, 697 S.W.2d 923 (1985); *Toney v. Haskins*, 7 Ark.App. 98, 644 S.W.2d 622 (1983). The court finds that is not the situation at hand.

In the case at hand, plaintiff sought over a million dollars for the tortious conduct of Commercial Bank on the basis of fraud and negligence in the handling of loan proceeds. This was not a breach of contract case where the amount of damages was readily determinable, but a tort case which, by its nature, is meant to remedy the plaintiff for the defendant's tortious conduct. This court has to presume that this was exactly what the jury did.[3]

The same reasoning holds true for separate defendant Robert Johnson. Plaintiff contends "it is apparent that the jury verdict against Robert J. Johnson in the amount of $94,750.00 was clearly based upon the undisclosed $96,000 finder's fee received by Mr. Johnson less the sum of $1,250.00. The evidence was that the Plaintiff had paid a few loan brokers commissions in the past, based on the rate of ⅛ of 1% which would be the sum of $1,250.00 based on a $1,000,000.00 loan." Again, for the reasons stated above, the court will not allow prejudgment interest based upon plaintiff's speculation and conjecture regarding the origin of the jury verdict.

The jury verdicts in the amounts of $150,000 and $94,750 are not by their nature capable of exact determination both in time and amount. The court cannot find an exact method of determination of the value of the property at the time of the injury. On these grounds, the plaintiff's motion for

---

**3.** The court is mindful that prejudgment interest is allowable in tort cases, *i.e. Lovell, supra,* 589 S.W.2d at 578. Here, however, the facts just aren't present to support a holding by this court that the jury verdict was based upon the payoff note.

prejudgment interest will be denied.  A separate order will be entered consistent with this opinion.