The Honorable Rita R. Hale State Representative 123 Westport Point Hot Springs, Arkansas 71913-7051
Dear Representative Hale:
You have requested an Attorney General opinion concerning an initiative measure that has been submitted to the City of Hot Springs to be presented to the electorate. The measure purports to levy a sales tax, the proceeds of which would be used for the purpose of supplementing the budgets of the city police and fire departments, primarily for use in upgrading personnel salaries. The measure further specifies and requires that the police and fire departments' portion of the general fund cannot drop below "current levels." It also directs that the revenues from the tax are to be placed in a fund separate from the city's general fund, and used to create certain specified types of pay scales for officers.
You have presented the following questions:
(1) Is this measure unconstitutional?
(2) Is this measure otherwise violative of Arkansas law?
RESPONSE
Question 1 — Is this measure unconstitutional?
I am unable to opine definitively in response to this question, because the state of the law on this issue under the facts you have presented is currently unsettled. I will, however, discuss the issues and the conflicting outcomes of recent cases involving these issues.
Sales tax proceeds can lawfully be designated for police and fire departments. However, the manner in which such a designation is directed to be carried out can be crucial to the validity of the measure by which the tax proceeds are designated.
A case involving the issue you have raised is currently on appeal to the Arkansas Supreme Court. That case, City of Maumelle v. Maumelle Lodge ofFraternal Order of Police (Case No. 98-553), involved an initiative measure approved by the voters of Maumelle that would require that the salaries of Maumelle police be on parity with the salaries of North Little Rock police. The lower court upheld the measure. In doing so, the lower court rejected the city's reliance upon Czech v. Baer,283 Ark. 457, 677 S.W.2d 833 (1984), a case in which the court had held a similar measure to be unconstitutional. (The basis upon which the lower court rejected these arguments is unclear.) The matter is currently awaiting decision by the Supreme Court.
The initiative measure that was at issue in Czech v. Baer, supra, (upon which the city unsuccessfully relied in the Maumelle case), also involved police and fire department salaries. That measure purported to require that in any future wage dispute, the city council must set police and fire department personnel salaries at a level decided by an arbitration panel. The court held the measure to be unconstitutional on the grounds that it contradicted state law by impermissibly delegating the city council's power to determine police and fire department salaries.
In so holding, the court stated: "Since state law prohibits a city from abdicating or delegating its legislative power to fix its employees' pay, that result cannot be accomplished by an initiated ordinance."Czech, supra, at 461.
This conclusion by the court was based upon the fact that state law specifically authorizes and requires city councils (rather than an arbitration panel or any other body) to approve the budget for the city. A.C.A. §§ 14-58-201, -203, and -204. State law also specifically authorizes and requires city councils to establish the salaries of the employees of city police and fire departments. A.C.A. § 14-51-304. TheCzech v. Baer court pointed out that the Arkansas Constitution expressly prohibits municipal ordinances and local initiative measures from contradicting state law. See Ark. Const., art. 12, § 4; Ark. Const., am. 7.[1] The court reasoned that because the initiative measure placed the power to determine police and fire salaries in the hands of a body other than the body authorized by state law (the city council), the measure contradicted state law, and thus violated the constitution.
It is unclear whether the initiative measure about which you have inquired is more like the measure in Czech v. Baer, or the measure inCity of Maumelle. I will note, however, that unlike the measure that was at issue in Czech v. Baer, the measure about which you have inquired does not attempt to take power from the city council and give it to a third party (such as an arbitration panel). Rather, it gives the city council's power to the general electorate, which has the authority to take this power anyway under Amendment 7 to the Arkansas Constitution. Delegation to an arbitration panel contradicted state law, because the city council could not have lawfully made that delegation itself. However, the general electorate already has the power that is at issue here, pursuant to Amendment 7. For this reason, Czech v. Baer may not be controlling.
In any event, I am reluctant to conclude that this measure is unconstitutional, given the outcome of City of Maumelle at the lower court level, its conflict with Czech v. Baer, and the resulting uncertainty in the law on this issue pending decision by the Arkansas Supreme Court.
Question 2 — Is this measure otherwise violative of Arkansas law?
The measure does not appear to violate Arkansas law (other than in the possible manner that is discussed in response to Question 1 under the precedent of Czech v. Baer). However, it might be noted that the measure does not state the statutory authority under which it purports to levy the sales tax. Under the provisions of A.C.A. § 26-73-103(g), cities (and counties) cannot levy new sales taxes after April 1, 1977, except under specific statutory authority. The fact that the initiative measure does not state the source of its authority to levy the sales tax could render the measure violative of this requirement.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Article 12, § 4 of the Arkansas Constitution states: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . ." Similarly, Amendment 7, in assuring the people the right of initiative and referendum on the local level, specifies that no local measure is to be enacted through the initiative process that is contrary to the Constitution or any general law of the state. Ark. Const., am. 7. See also A.C.A. §§ 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law);14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state"); 14-42-502 (city councils in cities of the first class have legislative power granted by state law and "not prohibited by it").