The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022
Dear Senator Broadway:
I am writing in response to your request for an opinion on the following:
 Act 2133 of 2005 states that "Effective January 1, 2006, upon receipt of a written request signed by a full-time municipal employee who is represented by a union or a professional association, the municipality shall withhold membership dues of the union or professional association from the salary of the employee."
My question to you is:
 Does the union or professional association have to be recognized by the municipality as representing the employee for benefit or wage negotiations or does a municipality have to deduct membership fees of any and all professional associations that an employee might want to belong to and subsequently have their membership fees withheld from their salary?
RESPONSE
In my opinion, a municipality must deduct the membership dues for any union or professional association of which a full-time municipal employee is a member if the employee has in writing requested the municipality to withhold the membership dues from his or her paycheck.
The General Assembly declared the public policy of the State of Arkansas with respect to labor bargaining when enacting the enabling legislation to Amendment 34 to the Arkansas Constitution. Specifically, the policy was stated as:
 Freedom of organized labor to bargain collectively and freedom of unorganized labor to bargain individually is declared to be the public policy of the state under Arkansas Constitution, Amendment 34.
A.C.A. § 11-3-301 (Repl. 2002). The Arkansas Supreme Court has also repeatedly upheld the right of public employees to organize as a union.Potts v. Hay, 229 Ark. 830, 832-33, 318 S.W.2d 826 (1958); see alsoChandler v. Bd. of Trustees, 236 Ark. 256, 260, 365 S.W.2d 447 (1963);and City of Fort Smith, 245 Ark. at 413. A union cannot, however, force a municipality to engage in collective bargaining. City of Fort Smith v.No. 38, AFL-CIO, 245 Ark. 409, 433 S.W.2d 153 (1968); see also Czech v.Baer, 283 Ark. 457, 677 S.W.2d 833 (1984); and Op. Att'y Gen. 2000-014. Specifically, the authority to fix wages, hours, and other compensation is a legislative responsibility that may not be delegated or bargained away. City of Fort Smith, 245 Ark. at 413. The court has further held that the city council is specifically vested with the authority to approve the budget of a municipality, see A.C.A. §§ 14-58-201, 202, 203 (Repl. 1998), and that "it is fundamental that a city's legislative power cannot be delegated to a committee or an administrative body." Czech,283 Ark. at 460 (citation omitted).
Turning now to the proper construction of Act 2133 of 2005, a court will first look to the plain and ordinary meaning of the language in a statute when determining its meaning and effect. Sluder v. Steak Ale of LittleRock, Inc., ___ Ark. ___, ___ S.W.3d ___ (Mar. 31, 2005). If the plain and ordinary meaning of the statute is unambiguous, no further rules of statutory construction need be invoked. Id. Here, if an employee "is represented" by a union and submits a request in writing to the municipality, the municipality "shall withhold" the appropriate dues for membership in the union or professional association. Act 2133 of 2005.
The plain and ordinary meaning of "represent" is not conditioned on a reciprocal recognition of such representation. Webster's Dictionary includes in the following pertinent definitions of "represent:"
 3. to stand or act in the place of, as a substitute, agent, or proxy does . . . 4. to speak or act for by delegated authority[.]
Random House Webster's Unabridged Dictionary 1634 (2d Ed. 1997). Furthermore, Black's Law Dictionary defines representation as "[t]he act or an instance of standing for or acting on behalf of another[.]" Black'sLaw Dictionary 1304 (Bryan A. Gardner, Ed. 7th ed., West 1999. In contrast, "recognize" is defined in pertinent part as:
 6. to acknowledge or accept formally a specified factual or legal situation . . . 7. to acknowledge or treat as valid[.]
Random House Webster's Unabridged Dictionary 1611 (2d Ed. 1997).
In my opinion, "representation" does not require reciprocal recognition under the plain and ordinary meaning of the word, while "recognition" does require a reciprocal acceptance. Furthermore, the language of Act 2133 of 2005 is mandatory in stating that the municipality "shall" deduct the membership fees. It is my opinion that Act 2133 of 2005 requires a municipality to deduct the membership dues for any union or professional association on behalf of a municipal employee who submits such a request in writing under the Act.
As noted above, "representation" and "recognition" are different concepts. Simply put, the requirement that a municipality deduct membership dues for a union under Act 2133 of 2005 is not subject to the municipality recognizing the union "as representing the employee for benefit or wage negotiations."
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh